NO. 07-00-0235-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

SEPTEMBER 6, 2001

_____

KENNETH LEROY SIMMONS, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 181ST DISTRICT COURT OF POTTER COUNTY;

NO. 32,807-B; HONORABLE MARVIN MARSHALL, JUDGE

_____

Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

Pursuant to a plea of guilty for third degree felony theft, appellant Kenneth Simmons was granted deferred adjudication and placed on community supervision for five years. A hearing was held on the State's motion to proceed with adjudication of guilt alleging six violations of the terms of community supervision. Appellant plead true to four of the allegations and the State presented evidence on the remaining allegations. The trial court adjudicated appellant guilty and sentenced him to five years confinement. In presenting

this appeal, counsel has filed an *Anders*[1] brief in support of a motion to withdraw. Based upon the rationale expressed herein, the motion to withdraw is granted and the judgment is affirmed.

In support of his motion to withdraw, counsel has certified that he has diligently reviewed the record and, in his opinion, the record reflects no reversible error or grounds upon which an appeal can be predicated. Anders v. California, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); Monroe v. State, 671 S.W.2d 583, 585 (Tex.App.--San Antonio 1984, no pet.). Thus, he concludes the appeal is frivolous and without merit. In compliance with High v. State, 573 S.W.2d 807, 813 (Tex.Cr.App. 1978), counsel has candidly discussed why, under the controlling authorities, there is no error in the court's judgment. Counsel has also shown that he sent a copy of the brief to appellant, and informed appellant that, in counsel's view, the appeal is without merit. In addition, counsel has demonstrated that he notified appellant of his right to review the record and file a *pro se* brief if he desired to do so. Appellant filed a *pro se* brief, but the State did not favor us with a brief.

Counsel presents three arguable points on appeal, to wit: 1) reversible error during the guilty plea proceeding, (2) reversible error in the motion to proceed with adjudication of guilt, and (3) ineffective assistance of counsel. However, counsel concedes that no reversible error is presented. We agree. A defendant who pleads guilty and is placed on

---

[1]Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

2

deferred adjudication may raise complaints relating to the original plea proceeding only in an appeal taken when the trial court first ordered deferred adjudication. Manuel v. State, 994 S.W.2d 658, 661-62 (Tex.Cr.App. 1999). Appellant would have had to raise error in his original plea proceeding within 30 days after being granted deferred adjudication in 1995. Thus, appellant's first contention does not demonstrate error.

Regarding other arguable points, this Court has no jurisdiction to review the trial court's determination to adjudicate guilt. Tex. Code Crim. Proc. Ann. art. 42.12 § 5(b). Connoly v. State, 983 S.W.2d 738, 741 (Tex.Cr.App. 1999); Phyes v. State, 828 S.W.2d 1, 2 (Tex.Cr.App. 1992); Olowosuko v. State, 826 S.W.2d 940, 941-42 (Tex.Cr.App. 1992). Article 42.12, section 5(b) only allows an appeal of all proceedings (*i.e.* assessment of punishment or pronouncement of sentence) after the adjudication of guilt on the original charge.[2] *Olowosuko*, 826 S.W.2d at 942. However, any complaint regarding punishment must be preserved for review. Tex. R. App. P. 33.1(a)(1)(A); *see also* Hardeman v. State, 1 S.W.3d 689, 690 (Tex.Cr.App. 1999). Here, no objection was made to the trial court's assessment of five years confinement. Moreover, because appellant's sentence was within the two to ten year range for a third degree felony, it will not be disturbed on appeal. *See* Tex. Pen. Code Ann. §12.34 (Vernon 1994); Flores v. State, 936 S.W.2d 478-79 (Tex.App.–Fort Worth 1996, no pet.).

---

[2]Although appellant filed a *pro se* brief, he did not challenge punishment or pronouncement of sentence and thus, we are without jurisdiction to review his contentions.

3

We have also made an independent examination of the entire record to determine whether there are any arguable grounds which might support the appeal. *See* Penson v. Ohio, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); Stafford v. State, 813 S.W.2d 503, 511 (Tex.Cr.App. 1991). We have found no such grounds and agree with counsel that the appeal is without merit and is, therefore, frivolous. Currie v. State, 516 S.W.2d 684 (Tex.Cr.App. 1974); Lacy v. State, 477 S.W.2d 577, 578 (Tex.Cr.App. 1972).

Accordingly, counsel's motion to withdraw is hereby granted and the judgment of the trial court is affirmed.

Don H. Reavis
Justice

Do not publish.

4