11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

Keith
Charles Johnson

Appellant

Vs.                   No. 11-01-00146-CR B Appeal from
Dallas County

State
of Texas

Appellee

 

This is an appeal from a judgment adjudicating guilt.  In April 1999, appellant originally entered
a plea of guilty to the offense of aggravated assault with a deadly
weapon.  Pursuant to the plea bargain
agreement, the trial court deferred the adjudication of appellant=s guilt, placed
him on deferred adjudication community supervision for 5 years, and assessed a
$500 fine.  In October  1999, appellant entered a plea of true to
the State=s allegation
that he had violated the terms and conditions of his community
supervision.  The trial court found the
allegation to be true, modified the terms and conditions of community
supervision to include electronic monitoring, and continued appellant=s deferred
adjudication community supervision.   At
the 2000 hearing on the State=s motion to adjudicate, appellant entered
pleas of true to the State=s allegations that he violated the terms
and conditions of his community supervision by using cocaine and marihuana and
by violating his curfews while on the AElectronic Monitoring Program.@  The trial court determined that appellant
violated the terms and conditions of his deferred adjudication community
supervision, revoked his community supervision, adjudicated his guilt, and
assessed his punishment at confinement for 8 years and a $600 fine.  Appellant filed a pro se general notice of
appeal.  We affirm.








Appellant=s court-appointed counsel has filed a
brief in which he conscientiously examines the record and the applicable laws
and states that he has concluded that there are no arguable grounds to advance
on appeal.  Counsel has furnished
appellant with a copy of the brief and has advised appellant of his right to
review the record and file a pro se brief. 
A pro se brief has not been filed. 
Counsel has complied with the procedures outlined in Anders v.
California, 386 U.S. 738 (1967); Stafford v. State, 813 S.W.2d 503
(Tex.Cr.App.1991); High v. State, 573 S.W.2d 807 (Tex.Cr.App.1978); Currie v.
State, 516 S.W.2d 684 (Tex.Cr.App.1974); and Gainous v. State, 436 S.W.2d 137
(Tex.Cr.App.1969).

Following the procedures outlined in Anders, we have
independently reviewed the record.  As
counsel points out, appeals from judgments adjudicating guilt are limited; and
appellant cannot challenge the trial court=s decision to adjudicate.  TEX. CODE CRIM. PRO. ANN. art. 42.12, ' 5(b) (Vernon
Supp. 2002); Phynes v. State, 828 S.W.2d 1 (Tex.Cr.App.1992); Olowosuko v.
State, 826 S.W.2d 940 (Tex.Cr.App.1992). 
In an appeal after the revocation of deferred adjudication community
supervision, appellant cannot challenge the original plea or the original
decision to defer the adjudication of guilt.  
Manuel v. State, 994 S.W.2d 658 (Tex.Cr.App.1999).  Appellant is further limited by his general
notice of appeal which failed to comply with the requirements of TEX.R.APP.P.
25.2(b)(3).  Vidaurri v. State, 49
S.W.3d 880 (Tex.Cr.App.2001).  We agree
that the appeal is without merit.

The judgment of the trial court is affirmed.

 

PER CURIAM

 

May
9, 2002

Do
not publish.  See TEX.R.APP.P. 47.3(b).

Panel consists
of: Arnot, C.J., and

Wright, J., and
McCall, J.