11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

Durward Dwayne Watson

Appellant

Vs.                   No.
11-01-00368-CR B Appeal from Dallas County

State of Texas

Appellee

 

This
is an appeal from a judgment adjudicating guilt.  Appellant originally entered a plea of guilty to the offense of
aggravated robbery.  Pursuant to a plea
bargain agreement, the trial court deferred the adjudication of guilt, placed
appellant on community supervision for 10 years, and assessed a $3,000
fine.  After a hearing on the State=s motion to adjudicate, the trial court found that appellant
had violated the terms and conditions of his community supervision, revoked his
community supervision, adjudicated his guilt, and assessed his punishment at
confinement for  20 years and a $3,000
fine.  We affirm.

Appellant=s court-appointed counsel has filed a brief in which she
conscientiously examines the entire record and the applicable law and states
that the appeal is without merit. 
Counsel reviews the indictment, the waivers, the admonishments given,
the evidence introduced by the State, appellant=s
judicial confession, and the adjudication proceedings and concludes that
appellant received a fair hearing free from reversible error.  Counsel also concludes that trial counsel
provided reasonably effective assistance.

Counsel
has furnished appellant with a copy of the brief and has advised appellant of
his right to review the record and file a pro se brief.  A pro se brief has not been filed.  Counsel has complied with the procedures
outlined in Anders v. California, 386 U.S. 738 (1967); Stafford v. State, 813
S.W.2d 503 (Tex.Cr.App.1991); High v. State, 573 S.W.2d 807 (Tex.Cr.App.1978);
Currie v. State, 516 S.W.2d 684 (Tex.Cr.App.1974); and Gainous v. State, 436
S.W.2d 137 (Tex.Cr.App.1969).








Following
the procedures outlined in Anders, we have independently reviewed the
record.  As counsel correctly notes,
TEX. CODE CRIM. PRO. ANN. art. 42.12, ' 5(b) (Vernon Supp. 2002) precludes an
appeal challenging the trial court=s determination to proceed with the
adjudication of guilt.  Phynes v. State,
828 S.W.2d 1 (Tex.Cr.App.1992); Olowosuko v. State, 826 S.W.2d 940
(Tex.Cr.App.1992).  Appellant did not
perfect an appeal when the adjudication of his guilt was deferred and he was
placed on community supervision. 
Therefore, appellant is limited under Manuel v. State, 994 S.W.2d 658
(Tex.Cr.App.1999), as to what he can challenge in the appeal from the
subsequent adjudication of guilt.  We
agree that the appeal is without merit.

The
judgment of the trial court is affirmed.

 

PER
CURIAM

July 3, 2002

Do not publish.  See TEX.R.APP.P. 47.3(b).

Panel consists of: Arnot, C.J., and

Wright, J., and McCall, J.