11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

Larry Wayne Smith

Appellant

Vs.                   No.
11-01-00373-CR B Appeal from Dallas County

State of Texas

Appellee

 

This
is an appeal from a judgment adjudicating guilt.  Appellant originally entered a plea of guilty to the offense of
burglary of a habitation and pleas of true to both enhancement allegations.  A plea bargain agreement was not
entered.  The trial court deferred the
adjudication of guilt and placed appellant on community supervision for 10
years.  At the hearing on the State=s motion to adjudicate, appellant entered a plea of true to
the State=s allegations.  The trial court found the allegations to be true, revoked
appellant=s community supervision, adjudicated his
guilt, and assessed punishment at confinement for 25 years.  We affirm.

Appellant=s court-appointed counsel has filed a brief in which he
states that he has diligently reviewed all pertinent information in this case
and has concluded that there is no reversible error.  Counsel conscientiously details the proceedings in the trial
court and states that appellant=s guilty plea was knowingly and
voluntarily made, that trial counsel afforded reasonably effective assistance,
and that there are no arguable grounds upon which to base an appeal.  

Counsel
has furnished appellant with a copy of the brief and has advised appellant of
his right to review the record and file a pro se brief.  A pro se brief has not been filed.  Counsel has complied with the procedures
outlined in Anders v. California, 386 U.S. 738 (1967); Stafford v. State, 813
S.W.2d 503 (Tex.Cr.App.1991); High v. State, 573 S.W.2d 807 (Tex.Cr.App.1978);
Currie v. State, 516 S.W.2d 684 (Tex.Cr.App.1974); and Gainous v. State, 436
S.W.2d 137 (Tex.Cr.App.1969).








Following
the procedures outlined in Anders, we have independently reviewed the
record. We note that appellant entered a plea of true to the State=s allegations that he violated the terms and conditions of
his community supervision.  TEX. CODE
CRIM. PRO. ANN. art. 42.12, ' 5(b) (Vernon Supp. 2002) precludes an
appeal challenging the trial court=s determination to proceed with the
adjudication of guilt.  Phynes v. State,
828 S.W.2d 1 (Tex.Cr.App.1992); Olowosuko v. State, 826 S.W.2d 940
(Tex.Cr.App.1992).  The record reflects
that appellant was afforded reasonably effective assistance of counsel.  Strickland v. Washington, 466 U.S. 668
(1984); Hernandez v. State, 988 S.W.2d 770 (Tex.Cr.App.1999).  The record further reflects no
jurisdictional defects.  The punishment
assessed was the minium authorized under TEX. PENAL CODE ANN.  ' 12.42(d) (Vernon Supp. 2002).  We agree that the appeal is without merit.

The
judgment of the trial court is affirmed.

 

PER
CURIAM

July 18, 2002

Do not publish.  See TEX.R.APP.P. 47.3(b).

Panel consists of: Arnot, C.J., and

Wright, J., and McCall, J.