Dantes OLOWOSUKO, Appellant,

v.

The STATE of Texas.

No. 074–91.

Court of Criminal Appeals of Texas, En Banc.

March 11, 1992.

Tim K. Banner, Hal E. Turley, Dallas, for appellant.

John Vance, Dist. Atty., Patricia Poppoff Noble and Mark Nancarrow, Asst. Dist.

Attys., Dallas, Robert Huttash, State's Atty., Austin, for State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

CLINTON, Judge.

This is a matter implicating the scope of right to appeal deferred adjudication proceedings. Article 42.12, § 5, V.A.C.C.P.

After hearing evidence upon his plea of guilty to an offense of possession of cocaine with intent to deliver, the trial court found it sufficient to substantiate guilt, and ordered that further proceedings be deferred without entering an adjudication of guilt and placed appellant on probation for a period of ten years, specifying terms and conditions. *Id.*, § 5(a).

Soon thereafter the State alleged that appellant had violated three separate conditions of probation and moved that he be cited to appear and show cause "why the Court should not proceed with an adjudication of guilt." Appellant responded with his "Motion to Quash State's Revocation," challenging certain aspects of the State's motion. Upon a hearing the trial court found that appellant had violated the alleged terms and conditions, set aside the prior order deferring adjudication, proceeded to adjudge appellant guilty of committing the offense originally charged and assessed punishment at confinement for life. *Id.*, § 5(b).

Appellant timely gave notice of appeal and raised six points of error. In an unpublished opinion the court of appeals dismissed all points of error and affirmed the judgment of the trial court. Appellant petitioned for and we granted review on the only ground presented, *viz:*

"The court of appeals erred in dismissing petitioner's points of error, holding that petitioner could not challenge the trial court's determination to *proceed with an adjudication of guilt.*"

PDR, at 3.[1] We will affirm.

The court of appeals correctly noted that "all of appellant's points of error challenge the trial court's *determination to proceed with an adjudication of guilt.*" *Olowosuko v. State*, (Tex.App.—Dallas, No. 05–90–00105–CR, delivered December 4, 1990), slip op. at 2. Appellant's claim there as here is based on his reading of Article 44.01(j), V.A.C.C.P., *viz:*

"... The current amendments to Article 44.01(j) changed prior case law and now authorizes a defendant who is placed on deferred adjudication to prosecute an appeal and challenge *a determination to proceed with an adjudication of guilt.*"

PDR, at 6.

Appellant relies on *Kite v. State*, 788 S.W.2d 403 (Tex.App.—Houston [1st] 1990), no PDR. The court of appeals believed it "specifically rejected this argument in *Dillehey v. State*, 788 S.W.2d 154, 155 (Tex. App.—Dallas 1990, no pet.)." Slip opinion, at 2. This Court, however, reversed its judgment. See *Dillehey v. State*, 815 S.W.2d 623 (Tex.Cr.App.1991), holding the Legislature clearly intended defendants on deferred adjudication probation "be allowed, under Art. 44.01(j), V.A.C.C.P., to *immediately* appeal *rulings on pre-trial motions* in compliance with Article 44.02," (slip op. at 4).

■ The problem thus illuminated in a deferred adjudication context lies in a failure to identify the precise matter a defendant seeks to appeal. It is axiomatic that a party may appeal only that which the Legislature has authorized. *Galitz v. State*, 617 S.W.2d 949, at 951 (Tex.Cr.App.1981). Therefore, an appellate court must sort out various rulings a trial court may make in the course of a deferred adjudication proceeding to determine those which the Legislature provided a right to appeal. Accordingly, we proceed to address the rul-

---

1. All emphasis throughout this opinion is mine unless otherwise noted.

ings pertinent here, i.e., an order deferring adjudication; a determination to proceed to an adjudication of guilt; judgment in post-adjudication proceedings.

Formerly the Court squarely held that the relevant statutory provisions clearly preclude appellate review of an order deferring adjudication. *McDougal v. State,* 610 S.W.2d 509 (Tex.Cr.App.1981). But as our recent decision in *Dillehey v. State,* supra, discerned, the Legislature lately intended to provide just such an appeal by enacting Article 44.01(j).

However, the Court has held from the beginning of deferred adjudication practice that the Legislature meant what it said in Article 42.12, § 5(b): "No appeal may be taken from this determination [to proceed with an adjudication of guilt]." *Williams v. State,* 592 S.W.2d 931 (Tex.Cr.App.1979) (decision to proceed with an adjudication of guilt is one of absolute non-reviewable discretion); *accord: Wright v. State,* 592 S.W.2d 604 (Tex.Cr.App.1980). Neither the Legislature nor this Court has changed that prohibition. See *Russell v. State,* 702 S.W.2d 617 (Tex.Cr.App.1985); Article 42.12, § 5(b), supra.

Therefore, in this cause the Dallas Court of Appeals correctly dismissed all points of error presented by appellant, although its decision in *Dillehey,* supra, has since been disapproved by this Court.

Article 42.12 § 5(b) expressly allows an appeal of all proceedings *after* adjudication of guilt on the original charge, but because appellant does not advance any point of error directed to the judgment of the trial court, the court of appeals also properly affirmed that judgment.

For those reasons, we affirm the judgment of the Dallas Court of Appeals.

---

**1.** Specifically, appellant's points averred that various conditions of the probation were vague and indefinite such as to be unenforceable, and that some of the allegations in the motion to adjudicate conflicted with the conditions of probation and failed to state a violation. All three enumerated violations involved appellant either failing to report to a probation officer as directed or advising such officer of his current address, or failing to remain at his residence. As

OVERSTREET, Judge, concurring.

I wholeheartedly concur with the majority that the current state of the law in Texas requires dismissal of all of appellant's points because of the prohibition against appealing a determination to proceed with an adjudication of guilt.[1] I write merely to express my concern that such a prohibition might have some potential constitutional problems.

As is well described in this Court's majority opinion, our Legislature has expressly declared that in deferred adjudication practice "[n]o appeal may be taken from [the determination to proceed with adjudication of guilt]." TEX.CODE CRIM. PROC.ANN. art. 42.12 § 5(b) (Vernon Supp.1992).[2] I am concerned about the possible unfettered discretion of trial courts in deciding to proceed with an adjudication of guilt irrespective of whether a violation of the terms and conditions of probation has been shown. A defendant given "regular" probation certainly has a right to appeal a revocation of his probated sentence. Such a "regular" probation can only be revoked based upon a violation which the trial court finds proven by a preponderance of the evidence. *DeGay v. State,* 741 S.W.2d 445, 449 (Tex.Cr.App. 1987); *Cardona v. State,* 665 S.W.2d 492, 493 (Tex.Cr.App.1984). Certainly a deferred adjudication probationer should be entitled to the same protection from any such whimsical capricious revocation.

The treatment of one placed on deferred adjudication probation as compared to one placed on "regular" probation could be subject to a legitimate equal protection violation claim. As appellant makes no such claim, it is proper for this Court to refrain from addressing such. Nevertheless, I

---

noted by this Court's majority opinion, the trial court's findings that these alleged violations were true resulted in a life sentence.

**2.** Thus it would seem that a deferred adjudication probationer's only avenue of recourse to complain of the adjudication is via Chapter Eleven of the Code of Criminal Procedure.

write simply to express my concern for a potential problem. Hopefully, in the not too distant future, either the Legislature or this Court will address this potential problem.

BAIRD, J., joins.

