Stine v. State 















IN THE
TENTH COURT OF APPEALS
 

No. 10-93-038-CR

     AARON WADE STINE,
                                                                                              Appellant
     v.

     THE STATE OF TEXAS,
                                                                                              Appellee
 

From the 220th District Court
 Bosque County, Texas
Trial Court # 92-10-11616-BCCR
                                                                                                    

O P I N I O N
                                                                                                    

      A jury convicted Aaron Wade Stine of aggravated assault and assessed punishment at twenty
years in prison. The court also made an affirmative finding that Stine used a deadly weapon in
the commission of the aggravated assault. In a single point, Stine contends that the court erred
in conducting trial proceedings and receiving testimony outside the county seat of Bosque County. 
We reverse.
      During the first day of Stine's trial the prosecution presented fourteen witnesses. However,
the complaining witness, Johnny Verzwyvelt, was hospitalized and unable to appear in court. On
the second day of trial, the court, jurors, attorneys, and Stine assembled in the Goodall-Witcher
Hospital in Clifton to hear the testimony of Verzwyvelt and his doctor. Clifton is not the county
seat of Bosque County.
      Stine's lawyer did not object. In fact, he agreed that taking the doctor's testimony at the
hospital was "the most efficient way to do it."
      Stine argues that the court erred in conducting trial proceedings and receiving testimony
outside the county seat of Bosque County. The Texas Constitution states that "[t]he Court shall
conduct its proceedings at the county seat of the county in which the case is pending, except as
otherwise provided by law." Tex. Const. art. V, § 7. This constitutional requirement is
considered jurisdictional. Isbill v. Stovall, 92 S.W.2d 1067, 1072 (Tex. App.— Eastland 1936,
no writ). The constitution and statutes are the sole source of jurisdiction, and there is nothing the
parties can do to confer jurisdiction where it does not exist. Marin v. State, 851 S.W.2d 275, 279
(Tex. Crim. App. 1993). Thus, it is irrelevant that the parties agreed to hear two witnesses at the
hospital and not in the courthouse at the county seat. See id. We sustain the point, reverse the
judgment, and remand the cause for a new trial.
 
                                                                                 BOB L. THOMAS
                                                                                 Chief Justice

Before Chief Justice Thomas,
          Justice Cummings, and
          Justice Vance
Reversed and remanded
Opinion delivered and filed November 3, 1993
Do not publish



rnon 1989). Article 42.12, section 5(a) provides that the trial court, after placing
the defendant on deferred adjudication community supervision, must inform the defendant of the
consequences of violating the conditions of the community supervision. See id. art. 42.12, § 5(a)
(Vernon Supp. 1998). However, because Hines filed only a general notice of appeal, we lack
jurisdiction to consider the merits of this complaint and must dismiss it for that reason.
      A defendant who receives deferred adjudication pursuant to a negotiated plea bargain and is
later adjudicated guilty must comply with the extra notice requirements of Rule 25.2 of the Rules
of Appellate Procedure. Watson v. State, 924 S.W.2d 711, 714 (Tex. Crim. App. 1996). This
is true even where the defendant is subsequently adjudicated guilty and sentence is imposed
without a second plea agreement. Id. Rule 25.2 states in relevant part:
(3)But if the appeal is from a judgment rendered on the defendant’s plea of guilty or
nolo contendere under Code of Criminal Procedure article 1.15, and the punishment
assessed did not exceed the punishment recommended by the prosecutor and agreed
to by the defendant, the notice must:
(A)specify that the appeal is for a jurisdictional defect;
(B)specify that the substance of the appeal was raised by written motion and ruled
on before trial; or
(C)state that the trial court granted permission to appeal.

Tex. R. App. P. 25.2(3).
      In the present case, Hines filed only a general notice of appeal with no indication that
permission to appeal was obtained from the trial court, that any of the issues were presented to the
trial court in a written pretrial motion, or that the appeal is based on a complaint of a jurisdictional
defect. See id.; Watson, 924 S.W.2d at 714. Such a notice limits this court’s jurisdiction to any
allegation that Hines’ plea was entered involuntarily. See Flowers v. State, 935 S.W.2d 131, 134
(Tex. Crim. App. 1996). However, the trial court’s failure to comply with either of these
statutory admonishment requirements has been held not to affect the voluntariness of a defendant’s
plea. See Price v. State, 866 S.W.2d 606, 613 (Tex. Crim. App. 1993) (the failure of the trial
court to admonish a defendant in accordance with Tex. Code Crim. Proc. Ann. art. 42.12, § 5(a)
does not alone render a plea involuntary); Martinez v. State, 906 S.W.2d 651, 654 (Tex.
App.—Fort Worth 1995, pet. ref’d) (to appeal the trial court’s failure to comply with Tex. Code
Crim. Proc. Ann. art. 26.13(a), a defendant must secure the trial court’s permission to raise such
complaint on appeal); see also Ray v. State, 919 S.W.2d 125, 126 (Tex. Crim. App. 1996)
(extending the holding of Price to apply to most felony cases). Consequently, because Hines’
complaint regarding the trial court’s failure to admonish him in accordance with articles 26.13 and
42.12 does not affect the voluntariness of his plea or fall within the exceptions contemplated by
Rule 25.2 of the Rules of Appellate Procedure, his general notice of appeal does not confer on us
jurisdiction to consider the complaint. See Tex. R. App. P. 25.2(3). Hines’ first point of error
is dismissed for want of jurisdiction.
The Indictment 
      In point seven, Hines contends the district court lacked jurisdiction to enter judgment against
him because the offenses alleged in the indictment were improperly aggregated for the purpose of
increasing the charge against him to a felony offense. However, Hines has failed to properly
preserve his complaint for appellate review. 
      Article 1.14 of the Code of Criminal Procedure provides in relevant part:
If the defendant does not object to a defect, error, or irregularity of form or substance in
an indictment or information before the date on which the trial on the merits commences,
he waives and forfeits the right to object to the defect, error, or irregularity and he may
not raise the objection on appeal. . .

Tex. Code Crim. Proc. Ann. art. 1.14(b) (Vernon Supp. 1998); Studer v. State, 799 S.W.2d
263, 268 (Tex. Crim. App. 1990); Williams v. State, 946 S.W.2d 886, 894 (Tex. App.—Waco
1997, no pet.). 
      A complaint that the court trying the case has no jurisdiction over the offense or offenses
charged in the indictment is a defect in substance. Tex. Code Crim. Proc. Ann. art. 27.08
(Vernon 1989); Studer, 799 S.W.2d at 267 n.7. Hines did not raise his allegation that the theft
offenses were improperly aggregated prior to the commencement of his plea hearing;
consequently, he has waived his right to raise such complaint on appeal. See Tex. Code Crim.
Proc. Ann. art. 1.14(b); Studer, 799 S.W.2d at 268. Hines’ seventh point is overruled.
THE ADJUDICATION PROCEEDING
      In his second through sixth points of error, Hines complains of alleged errors which occurred
before, during, and after the adjudication proceeding.
The Right to a Speedy Trial
      By his fifth point, Hines alleges that his federal and state constitutional rights to a speedy trial
were violated. See U.S. Const. amend VI, XIV; Tex. Const. art. I, § 10. Hines maintains he
was denied a speedy trial because he was incarcerated for over seven months before a hearing was
held to determine if he had violated the terms of his community supervision and should be
adjudicated guilty of the originally-charged offense. However, once again Hines is bound by the
original plea bargain agreement and, as a consequence, must comply with the extra notice
requirements of Rule 25.2 of the appellate rules. Watson, 924 S.W.2d at 714; see Tex. R. App.
P. 25.2(3).
      For us to consider Hines’ complaint on appeal that his constitutional rights to a speedy trial
were violated, Hines would have had to present his complaint in a written pretrial motion to the
trial court and indicate in his notice of appeal that such motion was overruled. See Sinclair v.
State, 894 S.W.2d 437, 438-39 (Tex. App.—Austin 1995, no pet.). As previously indicated,
Hines filed a general notice of appeal. Such notice of appeal does not give us jurisdiction to
consider Hines’ complaint. See Tex. R. App. P. 25.2(3); Watson, 924 S.W.2d at 714. Therefore,
Hines’ fifth point is dismissed for want of jurisdiction.
The Decision to Proceed to Adjudication of Guilt
      Hines’ second, third, and fourth points of error allege errors which occurred at the
adjudication proceeding. Specifically in points two and four, Hines maintains the trial court erred
by finding that he had violated the terms of his community supervision when he failed to pay the
required fees and failed to report to his supervision officer on a monthly basis. In point three,
Hines contends the trial court erroneously admitted the testimony of his assigned supervision
officer because her testimony was hearsay. Because all three of these complaints are directed at
the trial court’s decision to proceed with Hines’ adjudication, Hines is barred from raising them
on appeal.
      Article 42.12, section 5(b) of the Code of Criminal Procedure provides that a defendant
cannot appeal from “the determination by the court of whether it proceeds with an adjudication
of guilt on the original charge.” Tex. Code Crim. Proc. Ann. art. 42.12, § 5(b) (Vernon Supp.
1998). The Court of Criminal Appeals has held this provision to mean a defendant may appeal
“all proceedings after adjudication of guilt on the original charge,” but “the Legislature meant
what it said” that no appeal may be taken from the trial court’s decision to proceed with an
adjudication of a defendant’s guilt. Olowosuko v. State, 826 S.W.2d 940, 942 (Tex. Crim. App.
1992). 
      Consequently, because these three complaints are directed at the trial court’s decision to
proceed with an adjudication of Hines’ guilt, Hines is foreclosed from asserting them on appeal. 
Hines’ second, third, and fourth points are dismissed. See id. (the proper disposition for
complaints about a trial court’s decision to proceed with an adjudication of guilt is dismissal). 
The Sentence
      In his sixth point, Hines alleges that his due process rights were violated because the trial
court predetermined Hines’ sentence without considering all the evidence presented at the
adjudication hearing. Hines maintains that, because the trial court was “mad at him,” the court
“planned to lock him up for ten years” even before any evidence was presented at the hearing.
      A trial court denies a defendant due process when it arbitrarily refuses to consider the entire
range of punishment for an offense or refuses to consider the evidence and imposes a
predetermined sentence. McClenan v. State, 661 S.W.2d 108, 110 (Tex. Crim. App. 1983). 
However, a defendant waives any due process complaint when he does not object to the
punishment or to the failure to consider the evidence. Appellate courts do not consider any alleged
error counsel failed to call to the trial court’s attention. Rogers v. State, 640 S.W.2d 248, 264
(Tex. Crim. App. [Panel Op.] 1981) (on rehearing); Cole v. State, 931 S.W.2d 578, 580 (Tex.
App.—Dallas 1995, pet. ref’d); Cole v. State, 757 S.W.2d 864, 866 (Tex. App.—Texarkana 1988,
pet. ref’d). This rule even applies to errors of constitutional dimension. Id.
      The record reflects that, during the adjudication and sentencing proceeding, Hines did not
object to the trial court’s action nor did he complain in a motion for new trial. Hines’ failure to
object waived any error. Tex. R. App. P. 33.1(a); Cole, 931 S.W.2d at 580; Cole, 757 S.W.2d
at 866. Hines’ sixth point is overruled.
      The trial court’s judgment is affirmed with points one through five being dismissed. 


 
                                                                               BOBBY L. CUMMINGS
                                                                               Justice
Before Chief Justice Davis,
            Justice Cummings, and
            Justice Vance
Affirmed
Opinion delivered and filed March 25, 1998
Do not publish