TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-94-00748-CR







Douglas Gratten, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 299TH JUDICIAL DISTRICT


NO. 0922352, HONORABLE JON N. WISSER, JUDGE PRESIDING







PER CURIAM


 In January 1993, appellant pleaded guilty and judicially confessed to stealing
property having a value of $750 or more but less than $20,000. Act of May 27, 1985, 69th Leg.,
R.S., ch. 599, § 1, 1985 Tex. Gen. Laws 2244, amended by Act of May 29, 1991, 71st Leg.,
R.S., ch. 245, § 1, 1989 Tex. Gen. Laws 1161 (Tex. Penal Code Ann. § 31.03(a), (e)(4)(A),
since amended). The district court found that the evidence substantiated appellant's guilt, deferred
further proceedings, and placed appellant on probation. In November 1994, the court revoked
appellant's probation on the State's motion, adjudicated appellant guilty, and sentenced him to
imprisonment for ten years.

 Appellant's only point of error complains of the admission of certain testimony at
the hearing on the motion to revoke probation. This contention presents nothing for review. No
appeal may be taken from the determination to proceed to adjudication. Tex. Code Crim. Proc.
Ann. art. 42.12, § 5(b) (West Supp. 1995); Olowosuko v. State, 826 S.W.2d 940, 942 (Tex.
Crim. App. 1992). After adjudication of guilt, all proceedings, including the appeal, continue as
if the adjudication of guilt had not been deferred. Art. 42.12, § 5(b).

 Appellant advances no point of error directed to the judgment of the district court. 
The judgment is accordingly affirmed. (1)


Before Chief Justice Carroll, Justices Aboussie and Jones

Affirmed

Filed: June 7, 1995

Do Not Publish
1. In Phynes v. State, 828 S.W.2d 1 (Tex. Crim. App. 1992) announced February 26, 1992,
the court stated that when a defendant attempts to appeal from the determination to proceed to
adjudication, the proper disposition is to dismiss the appeal. In Olowosuko, announced March 11,
1992, the Court of Criminal Appeals stated that the proper disposition in such a case is to affirm
the judgment. Because Olowosuko appears to be the Court of Criminal Appeals's last word on
the subject, and because we believe it to be the sounder rule for the reason stated in that opinion,
we affirm the judgment of conviction in this cause.