TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-94-00632-CR







Andrew Antonio Bailey, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF MILAM COUNTY, 20TH JUDICIAL DISTRICT


NO. 18,493, HONORABLE CHARLES E. LANCE, JUDGE PRESIDING







PER CURIAM


 Appellant pleaded guilty and judicially confessed to possessing more than 28 grams
of cocaine with intent to deliver. Controlled Substances Act, 71st Leg., R.S., ch. 678, sec. 1,
§ 481.112, 1989 Tex. Gen. Laws 2230, 2935 (Tex. Health & Safety Code Ann. § 481.112, since
amended). After finding that the evidence substantiated appellant's guilt, the district court
deferred further proceedings without adjudicating guilt and placed appellant on probation. The
court subsequently revoked appellant's probation on the State's motion, adjudged appellant guilty,
and assessed punishment at imprisonment for fifty years.

 In two points of error, appellant contends the district court abused its discretion by
revoking appellant's probation. These points present nothing for review. No appeal may be taken
from the determination to proceed to adjudication. Tex. Code Crim. Proc. Ann. art. 42.12, §
5(b) (West Supp. 1995); Olowosuko v. State, 826 S.W.2d 940, 942 (Tex. Crim. App. 1992). 
After adjudication of guilt, all proceedings, including the appeal, continue as if the adjudication
of guilt had not been deferred. Art. 42.12, § 5(b).

 Appellant advances no point of error directed to the judgment of the district court. 
The judgment is accordingly affirmed. (1)


Before Chief Justice Carroll, Justices Aboussie and Jones

Affirmed

Filed: July 19, 1995

Do Not Publish

1. In Phynes v. State, 828 S.W.2d 1 (Tex. Crim. App. 1992) announced February 26, 1992,
the court stated that when a defendant attempts to appeal from the determination to proceed to
adjudication, the proper disposition is to dismiss the appeal. In Olowosuko, announced March 11,
1992, the Court of Criminal Appeals stated that the proper disposition in such a case is to affirm
the judgment. Because Olowosuko appears to be the Court of Criminal Appeals's last word on
the subject, and because we believe it to be the sounder rule for the reason stated in that opinion,
we affirm the judgment of conviction in this cause.