TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-99-00016-CR

Robert Arreosola, Appellant

v.

The State of Texas, Appellee

FROM THE DISTRICT COURT OF TOM GREEN COUNTY, 119TH JUDICIAL DISTRICT

NO. B-94-0355-S, HONORABLE DICK ALCALA, JUDGE PRESIDING

In October 1994, appellant Robert Arreosola pleaded guilty to tampering with a
government record. The district court found that the evidence, which included a judicial
confession, substantiated appellant's guilt. Pursuant to a plea-bargain agreement, the court
deferred further proceedings without adjudicating guilt and placed appellant on community
supervision for ten years. In November 1998, the court revoked supervision on the State's
motion, adjudicated guilt, and imposed sentence of imprisonment for four years.

Appellant's only point of error complains that the State failed to prove one of the
several grounds alleged in the motion to revoke and adjudicate. This contention presents nothing
for review. No appeal may be taken from the determination to proceed to adjudication. Phynes
v. State, 828 S.W.2d 1 (Tex. Crim. App. 1992); Olowosuko v. State, 826 S.W.2d 940, 942 (Tex.
Crim. App. 1992); Tex. Code Crim. Proc. Ann. art. 42.12, § 5(b) (West Supp. 1999). A
defendant whose deferred adjudication supervision has been revoked and who has been adjudicated
guilty may not raise on appeal contentions of error in the adjudication process. Connolly v. State,
983 S.W.2d 738, 741 (Tex. Crim. App. 1999). The point of error is dismissed. See id. at 741;
Olowosuko, 826 S.W.2d at 942.

Because appellant advances no point of error directed to the judgment of the district
court, the judgment of conviction is affirmed. See Olowosuko, 826 S.W.2d at 942.

 

 Lee Yeakel, Justice

Before Chief Justice Aboussie, Justices B. A. Smith and Yeakel

Affirmed

Filed: September 10, 1999

Do Not Publish