COURT OF APPEALS









COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS

 


 
 
  
 LUIS ISASSI,
  
                             Appellant,
  
 v.
  
 THE STATE OF
 TEXAS,
  
                             Appellee.
 
 
  
 '
    
 '
    
 '
    
 '
    
 '
    
  ' 
  
 
 
  
  
                 No. 08-02-00051-CR
  
 Appeal from the
  
 41st District Court
  
 of El Paso County, Texas 
  
 (TC# 960D06028) 
  
 
 


OPINION ON MOTION TO DISMISS

 

Before this Court is the State=s motion to dismiss for want of
jurisdiction in Isassi=s appeal from his adjudication of guilt and  revocation of community service for
possession of a controlled substance.  We
grant the motion.








The original indictment was on
September 18, 1996, for an offense in July of that year.  On January 10, 1997, appellant entered a
negotiated plea of guilty to the charge and, pursuant to the plea agreement,
the trial court deferred adjudication of Isassi=s guilt and placed him on six years= deferred adjudication probation,
subject to conditions.  The State filed a
Motion to Adjudicate Guilt on February 9, 2001, alleging that Isassi violated
several terms of his deferred adjudication probation by committing another
criminal offense, by not avoiding injurious or vicious habits, and by failing
to follow the curfew set by the probation. 
On December 13, 2001, the trial court heard the motion and, after hearing
evidence and argument, determined that appellant had violated the curfew
condition of his probation as alleged by the State and proceeded to adjudicate
appellant guilty of the prior possession charge.  Isassi was then sentenced to six years= confinement.              Appellant
now presents this Court with three points of error.  First, he claims that the trial court abused
its discretion by adjudicating guilt and imposing sentence because the original
judgment and the terms and conditions of probation were not entered into
evidence.  Second, appellant claims that
the trial court abused its discretion by revoking probation because there was
no offer of proof that appellant was the same individual convicted and placed
on probation.  Appellant=s third point of error asserts that
the trial court abused its discretion by not including in the judgment
adjudicating guilt a recitation of the grounds upon which the appellant was
adjudicated guilty and the probation was revoked.

This Court of Appeals may hear
appeals only if the Legislature has so authorized.  Olowosuko v. State, 826 S.W.2d 940,
941 (Tex. Crim. App. 1992) (citing Galitz v. State, 617 S.W.2d 949, 951
(Tex. Crim. App. 1981)).  In relevant
part, the Texas Code of Criminal Procedure provides:








On
violation of a condition of community supervision imposed under Subsection (a)
of this section . . . [t]he defendant is entitled to a hearing limited to the
determination by the court of whether it proceeds with an adjudication of guilt
on the original charge.  No appeal may be
taken from this determination.  After an
adjudication of guilt, all proceedings, including assessment of punishment,
pronouncement of sentence, granting of community supervision, and defendant=s appeal continue as if the adjudication of guilt had
not been deferred.

 

Tex. Code Crim. Proc. Ann. art. 42.12, ' 5(b) (Vernon Supp. 2002).  The Court of Appeals must sort through the
rulings of the trial court throughout the course of a deferred adjudication
proceeding to determine whether review is authorized by the Legislature or
not.  Olowosuko, 826 S.W.2d at
941.  Here, Isassi brings points of error
relevant to the trial court=s decision in the hearing to proceed with an adjudication of
guilt; therefore, this Court is expressly prohibited from hearing the appeal.

Conclusion

The State=s Motion to Dismiss Appeal for Want
of Jurisdiction is granted.  The appeal
is dismissed.

 

SUSAN
LARSEN, Justice

October 31, 2002

 

Before Panel No. 1

Larsen, McClure, and Chew,
JJ.

 

(Do Not Publish)