NO. 07-02-0333-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL C



JANUARY 8, 2003



______________________________




SHERRILL NEALY, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 137TH DISTRICT COURT OF LUBBOCK COUNTY;



NO. 2001-437,202; HONORABLE CECIL G. PURYEAR, JUDGE



_______________________________



Before JOHNSON, C.J., and QUINN and REAVIS, JJ.

MEMORANDUM OPINION (1)

 Pursuant to a guilty plea for felony aggravated assault, appellant Sherrill Nealy was
granted deferred adjudication and placed on community supervision for five years. At a
hearing on the State's motion to proceed with an adjudication of guilt, the trial court heard
evidence on numerous allegations and adjudicated appellant guilty of the original charge
and assessed punishment at ten years confinement. By a sole issue, appellant contends
she was denied effective assistance of counsel at the hearing on the motion to adjudicate. 
Appellant filed a general notice of appeal. Based upon the rationale expressed herein, we
dismiss this appeal for want of jurisdiction.

 Article 42.12, section 5(b) of the Texas Code of Criminal Procedure expressly
denies a defendant the right to appeal from a trial court's determination to adjudicate guilt.
Connolly v. State, 983 S.W.2d 738, 741 ( Tex.Cr.App. 1999); Phynes v. State, 828 S.W.2d
1, 2 (Tex.Cr.App. 1992); Olowosuko v. State, 826 S.W.2d 940, 941-42 (Tex.Cr.App. 1992). 
An appeal cannot be had to challenge: (1) the sufficiency of the evidence to support the
trial court's adjudication of guilt, (2) a claim of ineffective assistance of counsel at the
hearing on the motion to adjudicate, (3) a claim that the conditions of community
supervision are too vague, and (4) a claim that a variance exists between the community
supervision conditions in the order and those alleged in the motion to adjudicate. See
Phynes, 828 S.W.2d at 2, and Olowosuko, 826 S.W.2d at 942. Thus, we are without
jurisdiction to consider appellant's issue.

 Accordingly, this appeal is dismissed for want of jurisdiction.



 Don H. Reavis

 Justice


Do not publish.
1. Tex. R. App. P. 47.4.