NO. 07-02-0333-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

JANUARY 8, 2003

_____

SHERRILL NEALY, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 137TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2001-437,202; HONORABLE CECIL G. PURYEAR, JUDGE

_____

Before JOHNSON, C.J., and QUINN and REAVIS, JJ.

**MEMORANDUM OPINION**[1]

Pursuant to a guilty plea for felony aggravated assault, appellant Sherrill Nealy was granted deferred adjudication and placed on community supervision for five years. At a

_____

[1]TEX. R. APP. P. 47.4.

hearing on the State's motion to proceed with an adjudication of guilt, the trial court heard evidence on numerous allegations and adjudicated appellant guilty of the original charge and assessed punishment at ten years confinement. By a sole issue, appellant contends she was denied effective assistance of counsel at the hearing on the motion to adjudicate. Appellant filed a general notice of appeal. Based upon the rationale expressed herein, we dismiss this appeal for want of jurisdiction.

Article 42.12, section 5(b) of the Texas Code of Criminal Procedure expressly denies a defendant the right to appeal from a trial court's determination to adjudicate guilt. Connolly v. State, 983 S.W.2d 738, 741 ( Tex.Cr.App. 1999); Phynes v. State, 828 S.W.2d 1, 2 (Tex.Cr.App. 1992); Olowosuko v. State, 826 S.W.2d 940, 941-42 (Tex.Cr.App. 1992). An appeal cannot be had to challenge: (1) the sufficiency of the evidence to support the trial court's adjudication of guilt, (2) a claim of ineffective assistance of counsel at the hearing on the motion to adjudicate, (3) a claim that the conditions of community supervision are too vague, and (4) a claim that a variance exists between the community supervision conditions in the order and those alleged in the motion to adjudicate. *See Phynes*, 828 S.W.2d at 2, *and Olowosuko*, 826 S.W.2d at 942. Thus, we are without jurisdiction to consider appellant's issue.

Accordingly, this appeal is dismissed for want of jurisdiction.

Don H. Reavis

2

Justice

Do not publish.