NO. 07-02-0281-CR

NO. 07-02-0282-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

MARCH 7, 2003

_____

ELREED WILSON, JR., APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE CRIMINAL JUDICIAL DISTRICT COURT OF JEFFERSON COUNTY;

NOS. 78432 & 82502; HONORABLE LARRY GIST, JUDGE

_____

Before QUINN and REAVIS, JJ. and BOYD, S.J.[*]

**MEMORANDUM OPINION**[1]

---

[*]John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment.

[1]Tex. R. App. P. 47.4.

Pursuant to plea bargains for possession of a controlled substance in cause number 78432, and for possession of marihuana in cause number 82502, appellant was granted deferred adjudication and placed on community supervision for five years. Upon the State's motions to revoke for violations of the conditions of community supervision, appellant was adjudicated guilty in both causes and punishment was assessed at four years confinement in the Institutional Division of the Texas Department of Criminal Justice in cause number 78432, and two years confinement in a state jail facility in cause number 82502. By one point of error, appellant contends the State failed to prove by clear and convincing evidence that his consent to search his vehicle was freely and voluntarily given. Based upon the rationale expressed herein, we dismiss for want of jurisdiction.

The State contends that pursuant to article 42.12, section 5(b) of the Texas Code of Criminal Procedure, no appeal may be taken from the trial court's decision to adjudicate guilt. We agree. Article 42.12, section 5(b) of the Texas Code of Criminal Procedure expressly denies a defendant the right to appeal from a trial court's determination to adjudicate guilt. Connolly v. State, 983 S.W.2d 738, 741 (Tex.Cr.App. 1999); Phynes v. State, 828 S.W.2d 1, 2 (Tex.Cr.App. 1992); Olowosuko v. State, 826 S.W.2d 940, 941-42 (Tex.Cr.App. 1992). An appeal of all proceedings after an adjudication of guilt, however, is not foreclosed by article 42.12, section 5(b) (*i.e.* assessment of punishment, pronouncement of sentence). An appeal cannot be had to challenge the sufficiency of the evidence to support the trial court's adjudication of guilt. *Connolly*, 983 S.W.2d at 741.

2

Thus, because appellant does not present a challenge to any post-adjudication proceedings, we have no jurisdiction to entertain his complaint challenging the sufficiency of the evidence.

Accordingly, the purported appeals are dismissed for want of jurisdiction.

Don H. Reavis
Justice

Do not publish.