In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-03-00052-CR


______________________________




JOY VERONICA HAYES, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the County Court at Law


Bowie County, Texas


Trial Court No. 03M0089-CCL




 




Before Morriss, C.J., Ross and Carter, JJ.


Memorandum Opinion by Justice Carter



MEMORANDUM OPINION



 Joy Veronica Hayes has filed an appeal from her conviction by a jury for the misdemeanor
offense of assault. She was sentenced to incarceration in the county jail for 180 days.

 On May 8, 2003, we wrote to counsel, informing him that we had noted a defect in the
appeal, because the record did not contain a certification of Hayes' right to appeal. 

 Tex. R. App. P. 25.2(d) now requires a certification to be made part of the record in every
appeal filed by a defendant. That certification form, which is an appendix to the Texas Rules of
Appellate Procedure, provides a certification by the trial court of the defendant's right to appeal. If
the certification is not made part of the record, under the rule we must dismiss the appeal.

 In our letter, we warned counsel that, if we did not receive the certification within thirty days
of the date of our letter, we would dismiss the appeal. As of the date of this opinion, counsel has not
contacted this Court, and no certification has been filed.

 The appeal is dismissed.



 Jack Carter

 Justice


Date Submitted: June 17, 2003

Date Decided: June 18, 2003


Do Not Publish



oc 9"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 












 
 
 
 
 
 
 




 

 

 

 

 

 

 

 

 

                                                         In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No. 06-10-00191-CR

                                                ______________________________

 

 

 

                         IN RE: 
REQUEST FOR COURT OF INQUIRY

 

 

                                                                                                  


 

 

                                       On Appeal from the 402th
Judicial District Court

                                                             Wood County, Texas

                                                            Trial
Court No. 12,169

 

                                                          
                                        

 

 

 

                                          Before Morriss, C.J.,
Carter and Moseley, JJ.

                                            Memorandum Opinion by Justice Moseley








                                                     MEMORANDUM 
OPINION

 

            Ricky
Williams attempts to appeal the ruling of the 402nd Judicial District Court of
Wood County denying his motion to convene a court of inquiry pursuant to
Chapter 52 of the Texas Code of Criminal Procedure.  Because the Legislature has not provided a
right of appeal, we dismiss this appeal for want of jurisdiction.

            A
court of inquiry is a criminal proceeding authorized by and conducted according
to Chapter 52 of the Texas Code of Criminal Procedure.  See
Tex. Code Crim. Proc. Ann. art.
52.01.09 (Vernon 2006).  When a district
judge, acting in his capacity as magistrate, has probable cause to believe an
offense has been committed against the laws of this state, he may request that
the presiding judge of the administrative judicial district appoint a district
judge to commence a court of inquiry.  Tex. Code Crim. Proc. Ann. art.
52.01(a).  The appointed judge may summon
and examine any witness in relation to the offense in accordance with the
procedural rules established in Chapter 52. 
Id.  If it appears from a court of inquiry an
offense has been committed, the judge shall issue a warrant for the arrest of
the offender as if the complaint had been made and filed.  Tex.
Code Crim. Proc. Ann. art. 52.08.  Implicit in the denial of a motion to convene
a court of inquiry is a finding by the court presented with such a motion that
no probable cause existed that the complained-of offense had been
committed.  Chapter 52 does not provide
for an appeal from the judges determination. 
In re Court of Inquiry, No. 06-10-00171-CR,
2010 WL 3894220 (Tex. App.Texarkana Oct. 6, 2010, no pet. h.); In re Court of Inquiry, 148 S.W.3d 554,
555 (Tex. App.El Paso 2004, no pet.). 
A party may appeal only that which the Legislature has authorized.  Olowosuko
v. State, 826 S.W.2d 940, 941 (Tex. Crim. App. 1992); McCarver v. State, 257 S.W.3d 512 (Tex. App.Texarkana 2008, no
pet.).

            In
the absence of statutory authorization for an appeal from the magistrates
determination made in connection with the court of inquiry, we conclude that
Williams does not have a right of appeal. 
Therefore, we dismiss the appeal for want of jurisdiction.

 

 

                                                                        Bailey
C. Moseley

                                                                        Justice

 

Date Submitted:          October
19, 2010

Date Decided:             October
20, 2010

 

Do Not Publish