NUMBER 13-04-00214-CR

 

                         COURT OF APPEALS

 

                     THIRTEENTH
DISTRICT OF TEXAS

 

                         CORPUS
CHRISTI B EDINBURG

 

NATHAN LAWRENCE WOODS,                                                      Appellant,

 

                                                             v.

 

THE STATE OF TEXAS,                                                                    Appellee.

 

      On appeal from the 156th District Court of Bee County,
Texas.

 

                       MEMORANDUM OPINION

 

    Before Chief Justice Valdez and Justices Hinojosa and
Rodriguez

                         Memorandum
Opinion by Justice Hinojosa

 

Appellant, Nathan Lawrence Woods, pleaded guilty to
the offense of possession of less than one gram of a controlled substance.  After accepting appellant=s plea, the trial court deferred the adjudication of
guilt and placed him on community supervision for three years.  








The State subsequently filed a motion to adjudicate
appellant=s guilt, asserting appellant had violated various
conditions of his deferred adjudication community supervision, including (1)
the commission of a criminal offense, (2) the consumption of alcohol, and (3)
the violation of his 10:00 p.m. curfew. 
Appellant pleaded Anot true@ to the State=s allegations. 
After an evidentiary hearing, the trial court (1) found appellant had
violated two conditions of his community supervision, (2) adjudicated him
guilty of the offense of possession of less than one gram of a controlled
substance, (3) assessed his punishment at two years= confinement in a state jail facility, (4) suspended
the sentence, and (5) placed him on community supervision for a term of five
years.  As a condition of his community
supervision, the trial court ordered that appellant be confined and treated in
a Substance Abuse Felony Punishment Facility. 
The trial court has certified that this is not a plea bargain case, and
the defendant has the right of appeal.  See
Tex. R. App. P. 25.2(a)(2).

As this is a memorandum opinion not designated for
publication and the parties are familiar with the facts, we will not recite
them here except as necessary to advise the parties of our decision and the
basic reasons for it.  See Tex. R. App. P. 47.4.

In a single issue, appellant complains that he was
denied an adequate punishment hearing following adjudication.  This complaint, though couched in terms of
punishment, is entirely predicated upon appellant=s
argument that the evidence presented by the State is insufficient to support
the trial court=s finding that he violated the conditions of his
deferred adjudication community supervision. 
The arguments that appellant makes in his brief clearly show that he is
actually challenging the trial court=s determination to proceed with the adjudication of
guilt.








Article 42.12, section 5(b) of the code of criminal
procedure provides that no appeal may be taken from a trial court=s determination to proceed with adjudication of
guilt.  Tex.
Code Crim. Proc. Ann. art. 42.12, ' 5(b) (Vernon Supp. 2004-05); see Connolly v.
State, 983 S.W.2d 738, 741 (Tex. Crim. App. 1999); Olowosuko v. State,
826 S.W.2d 940, 942 (Tex. Crim. App. 1992). 
Thus, we have no power to review any challenge to the sufficiency of the
notice contained in the terms and conditions of the community supervision
imposed by the trial court, adequacy of the State=s
motion to revoke, or sufficiency of the evidence to support the trial court=s adjudication decision.  See Connolly, 983 S.W.2d at 741.

Even if we viewed appellant=s issue as an actual attack on the adequacy of the
punishment hearing, appellant does not complain of any impropriety during the
hearing.  The record shows there was a
separate punishment hearing and appellant was afforded an opportunity to
present evidence.  Further, because
appellant did not object at the punishment hearing, he has waived any
error.  See Vidaurri v. State, 49
S.W.3d 880, 886 (Tex. Crim. App. 2001). 
We overrule appellant=s sole issue.

We affirm the judgment of the trial court.

FEDERICO G. HINOJOSA

Justice

 

Do
not publish.  See Tex. R. App. P. 47.2(b).

 

Memorandum
Opinion delivered and filed this

the
21st day of July, 2005.