Opinion filed October 6, 2005















 
 
  
 
 







 
 
  
 
 




Opinion filed October 6, 2005

 

                                                                        In The

                                                                              

                     Eleventh
Court of Appeals

                                                                   __________

 

                                                          No. 11-04-00017-CR 

 

                                                    __________

 

                               GARY DWAYNE JACKSON, Appellant

 

                                                             V.

 

                                    THE
STATE OF TEXAS,
Appellee

 



 

                                          On
Appeal from the 35th District Court

 

                                                          Brown County, Texas

 

                                                Trial
Court Cause No. CR 16-693

 



 

                                                                   O
P I N I O N

 








This is an appeal from a judgment revoking
community supervision and adjudicating guilt. 
Originally, Gary Dwayne Jackson entered a plea of no contest to the offense
of possession of methamphetamine. 
Pursuant to the plea bargain agreement, the trial court deferred the
adjudication of guilt, placed appellant on community supervision for four
years, and assessed a $1,000 fine.  The
State filed a motion to adjudicate guilt contending that appellant had violated
the terms and conditions of his community supervision by committing the offense
of aggravated assault.  After the jury
convicted appellant of aggravated assault, the trial court conducted a hearing
on the motion to adjudicate.  The trial
court determined that appellant had violated the terms and conditions of his
community supervision based on the jury=s
guilty verdict, revoked appellant=s
community supervision, adjudicated his guilt, and assessed punishment at
confinement for 15 years.  We affirm.

In his sole issue on appeal, appellant challenges
the trial court=s
decision to adjudicate guilt by arguing that the trial court erred during his
aggravated assault trial. These arguments are not properly before this court in
this appeal.

TEX. CODE CRIM. PRO. ANN. art. 42.12, ' 5(b) (Vernon Pamph. Supp. 2004 - 2005) precludes an
appeal challenging the trial court=s
determination to proceed with the adjudication of guilt.  Phynes v. State, 828 S.W.2d 1
(Tex.Cr.App.1992); Olowosuko v. State, 826 S.W.2d 940 (Tex.Cr.App.1992).
We note that appellant=s
arguments in his sole issue in this appeal are the same arguments that he
raises in his direct appeal from his aggravated assault conviction and have
been overruled by this court in the direct appeal.  Gary Dwayne Jackson v. State, No.
11-04-00016-CR (Tex.App. - Eastland, October 6, 2005)(not designated for
publication).

The judgment of the trial court is affirmed.

 

TERRY McCALL

JUSTICE

 

October 6, 2005

Do not publish.  See
TEX.R.APP.P. 47.2(b).

Panel consists of:  Wright,
C.J., and McCall, J.