Opinion filed March 9, 2006












 
 
  
 
 







 
 
  
 
 




Opinion filed March 9, 2006

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh Court of Appeals

                                                                   __________

 

                                                          No. 11-05-00165-CR 

                                                    __________

 

                           CHRISTOPHER WAYNE BAKER, Appellant

 

                                                             V.

 

                                        STATE
OF TEXAS, Appellee

 



 

                                         On
Appeal from the 104th District Court

 

                                                          Taylor
County, Texas

 

                                                  Trial
Court Cause No. 14512-B

 



 

                                                                   O
P I N I O N

 

This is an appeal from a judgment adjudicating
guilt.  We dismiss. 








On December 15, 2003, Christopher Wayne Baker entered
a plea of no contest to the first count of an indictment charging him with two
counts of sexual assault of a child and a third count of indecency with a
child.  Appellant pled true to an
enhancement paragraph in which it was alleged that appellant had previously
been convicted of a felony.  Appellant
signed written plea admonishments and stipulated to the evidence.  The trial court deferred the adjudication of
guilt and placed appellant on community supervision for ten years.  On January 14, 2005, the State filed a motion
to revoke his community supervision and adjudicate guilt.  Appellant entered pleas of true to the State=s allegations that he violated the
terms and conditions of his community supervision.  On April 1, 2005, appellant was adjudicated
guilty of the offense and sentenced to twenty years confinement in the Texas
Department of Criminal Justice, Institutional Division.

In his sole issue on appeal, appellant challenges
the validity of his plea based on involuntariness.  Specifically, he argues that the trial court
erred in failing to grant his motion for new trial because the evidence showed
that appellant did not freely and voluntarily enter his plea of no contest.

Article 42.12, section 5(b) of the Texas Code of
Criminal Procedure precludes an appeal challenging the trial court=s determination to proceed with the
adjudication of guilt.  Tex. Code Crim. Proc. Ann. art. 42.12, ' 5(b) (Vernon Supp. 2005); Phynes v.
State, 828 S.W.2d 1 (Tex. Crim. App. 1992); Olowosuko v. State, 826
S.W.2d 940 (Tex. Crim. App. 1992).  A
defendant placed on deferred adjudication community supervision may raise
issues relating to the original plea proceeding only in appeals taken when
deferred adjudication community supervision is first imposed.  Manuel v. State, 994 S.W.2d 658, 659
(Tex. Crim. App. 1999).  This includes
complaints about the voluntariness of the prior plea of guilty and complaints
of ineffective assistance of counsel. In Jordan v. State, 54 S.W.3d 783,
785 (Tex. Crim. App. 2001), the Texas Court of Criminal Appeals reaffirmed the
holding of Manuel and explained that, although there may be some
exceptions to the prohibition against attacking the original conviction upon
revocation of deferred adjudication probation, A[a]n
>involuntary plea= does not constitute one of those rare
situations.@  Consequently, we have no authority to address
appellant=s sole
issue.

The appeal is dismissed.

 

JIM R. WRIGHT

CHIEF JUSTICE

 

March 9, 2006

Do not publish.  See
Tex. R. App. P. 47.2(b).

Panel
consists of:  Wright, C.J., and

McCall,
J., and Strange, J.