NO. 07-05-0415-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

JUNE 20, 2006

_____

HANS PETER CHRISTIANSEN, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 297TH DISTRICT COURT OF TARRANT COUNTY;

NO. 0637964A; HONORABLE EVERETT YOUNG, JUDGE

_____

Before QUINN, C.J., and REAVIS and HANCOCK, JJ.

**MEMORANDUM OPINION ON STATE'S MOTION TO DISMISS**

Pursuant to a guilty plea, appellant Hans Peter Christiansen was granted deferred adjudication for aggravated kidnapping and placed on ten years community supervision. In April 2005, the State filed an amended petition to adjudicate guilt for violations of community supervision. At a hearing on the petition, appellant pled not true to the violations alleged. The trial court subsequently granted the State's motion, revoking

appellant's community supervision and sentencing him to four years confinement. By a single point of error, appellant contends the trial court erred in revoking his community supervision because the State failed to show by a preponderance of the evidence that he violated the conditions of his community supervision. We dismiss for want of jurisdiction.

Article 42.12, section 5(b) of the Texas Code of Criminal Procedure expressly denies a defendant the right to appeal from a trial court's determination to adjudicate guilt. Connolly v. State, 983 S.W.2d 738, 741 (Tex.Cr.App. 1999); Phynes v. State, 828 S.W.2d 1, 2 (Tex.Cr.App. 1992). Although an appeal of all proceedings after an adjudication of guilt is not foreclosed by article 42.12, section 5(b) (*i.e.*, assessment of punishment, pronouncement of a sentence), here, appellant challenges the sufficiency of the evidence. It is firmly established that an appellant may not challenge the sufficiency of the evidence supporting the trial court's adjudication of guilt. *See Connolly,* 983 S.W.2d at 741; Olowosuko v. State, 826 S.W.2d 940, 942 (Tex.Cr.App. 1992). Thus, we grant the State's motion and dismiss this appeal.

Accordingly, the appeal is dismissed for want of jurisdiction.

Don H. Reavis
Justice

Do not publish.