NUMBER 13-04-604-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 


JEFFERY WINTERROTH, Appellant,


v.



THE STATE OF TEXAS, Appellee.

 


On appeal from the 105th District Court of Kleberg County, Texas.


 


MEMORANDUM OPINION



Before Justices Hinojosa, Yañez, and Garza


Memorandum Opinion by Justice Yañez


 

 Appellant, Jeffery Winterroth, appeals from the trial court's denial of his motion for
new trial following the revocation of his deferred adjudication community supervision. (1) In
a single issue, appellant contends he was denied effective assistance of counsel because 
(1) his timely-filed motion for new trial failed to adequately specify grounds on which it
should be granted, and (2) his amended motion for new trial was untimely filed and not
considered by the trial court. Appellant also contends he was denied effective assistance
of counsel at his revocation hearing. We affirm. 

Background


 Pursuant to a plea bargain agreement, appellant pleaded guilty to the second-degree felony offense of robbery on January 7, 2002. (2) The trial court deferred adjudication
and placed him on community supervision for a period of four years. (3) In March 2004, the
State filed a motion to revoke appellant's community supervision, alleging various violations
of the terms of his community supervision, including that on or about December 30, 2003,
appellant committed the offense of possession of a prohibited weapon. Following a
hearing on June 8, 2004, the trial court found that appellant (1) was in possession of the
weapon as alleged in the State's motion and (2) had failed to report his arrest for that
offense. The trial court revoked appellant's community supervision, adjudicated him guilty,
and sentenced him to twelve years' imprisonment. (4) 

 On June 29, 2004, appellant's counsel timely filed a motion for new trial, requesting
a new trial "due to newly discovered evidence." (5) On August 19, 2004, counsel filed an
amended motion, (6) in which he argued that (1) appellant was unable to report his December
30, 2003 arrest on the prohibited weapon charge within forty-eight hours because he was
incarcerated for two days and due to the extended New Year's holiday, and (2) his
nephew, the passenger in the vehicle appellant was driving when arrested on the
prohibited weapon charge, was claiming responsibility for the weapon found in the vehicle.

 At the August 20, 2004 hearing on the motion for new trial, the trial court declined
to consider appellant's amended motion because it was untimely filed, but proceeded to
hear counsel's argument on appellant's original motion for new trial. After hearing
argument, the trial court denied appellant's motion. Appellant contends he was denied
effective assistance of counsel because his timely-filed motion for new trial failed to specify
grounds on which it should be granted and his amended motion (specifying grounds) was
untimely filed. 

Standard of Review and Applicable Law

 We measure a claim of ineffective assistance of counsel against the two-prong test
established by the Supreme Court in Strickland v. Washington. (7) The appellant must first
show that his attorney's performance was deficient, i.e., that his assistance fell below an

objective standard of reasonableness. (8) Second, assuming the appellant has demonstrated
deficient assistance, it is necessary to affirmatively prove prejudice. (9) In other words, the
appellant must show a reasonable probability that, but for his attorney's unprofessional
errors, the result of the proceeding would have been different. (10) A reasonable probability
is a probability sufficient to undermine confidence in the outcome. (11) 

 An appellant can only prevail on an ineffective assistance of counsel claim when the
claim is firmly founded in the record. (12) If the record indicates that there is at least a
possibility that counsel's conduct could have been legitimate trial strategy, the reviewing
court must defer to counsel's decisions and deny relief on an ineffective assistance claim
on direct appeal. (13) 

 A trial court has discretion to decide whether to grant a new trial based upon
newly-discovered evidence, and its ruling will not be reversed absent an abuse of
discretion. (14) A party seeking a new trial on the ground of newly discovered evidence must
show (1) the newly discovered evidence was unknown or unavailable to the movant at the
time of his trial, (2) the movant's failure to discover or obtain the evidence was not due to
a lack of diligence, (3) the new evidence is admissible and is not merely cumulative,
corroborative, collateral, or impeaching, and (4) the new evidence is probably true and will
probably bring about a different result on another trial. (15) 

Analysis 

 Here, appellant's "newly discovered evidence" is that his co-defendant (and nephew)
on the prohibited weapon charge had pleaded guilty to the weapon-possession charge and
took full responsibility for the weapon. The record reflects that appellant's counsel made
this argument to the trial court at the hearing on the motion for new trial. The State argued
that this was "not new information," but was "thoroughly discussed in the [revocation]
hearing that was held." (16) The trial court denied appellant's motion. 

 Because appellant was allowed to present the "newly discovered evidence"
specified in his amended motion for new trial- even though the trial court rejected his
argument- he cannot show a reasonable probability that the result of the proceeding would
have been different had the trial court considered the untimely-filed motion for new trial. 
He has therefore failed to meet the second prong of Strickland. (17) 

 Appellant also contends that "the attorney who represented [him] in during [sic] the
revocation hearing was ineffective" and that he wished to make this argument in his motion
for new trial. However, article 42.12, section 5(b) of the code of criminal procedure
provides that no appeal may be taken from a trial court's determination to proceed with
adjudication of guilt. (18) Considering the plain meaning of article 42.12, section 5(b) and the
long line of authority from the court of criminal appeals on the issue, we hold that appellant
cannot raise the issue of ineffective assistance of counsel, insofar as that issue arises out
of the trial court's decision to proceed with the adjudication of guilt following the revocation
of appellant's community supervision. (19) Therefore, to the extent that appellant complains
of his counsel's ineffectiveness "during the revocation hearing," we lack jurisdiction to
consider the issue. (20)

Conclusion 

 We overrule appellant's sole issue and affirm the trial court's judgment. 


 

 LINDA REYNA YAÑEZ,

 Justice





Do not publish. Tex. R. App. P. 47.2(b).


Memorandum opinion delivered and filed 

this the 10th day of August, 2006.

 



1. See Tex. Code Crim. Proc. Ann. art. 42.12, § 5(b) (Vernon Supp. 2005).
2. See Tex. Pen. Code Ann. § 29.03 (Vernon 2003). 
3. On October 30, 2003, following appellant's plea of "true" to allegations he violated the terms of his
community supervision, his deferred adjudication community supervision was extended to January 7, 2012.
4. See Tex. Pen. Code Ann. § 12.33 (Vernon 2003). 
5. See Tex. R. App. P. 21.4(a).
6. See Tex. R. App. P. 21.4(b).
7. Strickland v. Washington, 466 U.S. 668, 687 (1984); Thompson v. State, 9 S.W.3d 808, 812 (Tex.
Crim. App. 1999). 
8. Thompson, 9 S.W.3d at 812. 
9. Id. 
10. Id. 
11. Id. 
12. Id. 813-14. 
13. Murphy v. State, 112 S.W.3d 592, 601 (Tex. Crim. App. 2003) (citing Ortiz v. State, 93 S.W.3d 79,
88 (Tex. Crim. App. 2002)). 
14. Keeter v. State, 74 S.W.3d 31, 37 (Tex. Crim. App. 2002).
15. Id. at 36-37.
16. We note that appellant testified at his revocation hearing that he did not know the prohibited weapon
(a sawed-off shotgun) was on the floorboard of the van he was driving, between the driver's seat and
passenger's seat. The arresting officer testified the shotgun was "in plain view between the two seats on the
floorboard."
17. See Strickland, 466 U.S. at 687. 
18. Tex. Code Crim. Proc. Ann. art. 42.12, § 5(b) (Vernon Supp. 2005); see also Connolly v. State, 983
S.W.2d 738, 741 (Tex. Crim. App. 1999); Olowosuko v. State, 826 S.W.2d 940, 942 (Tex. Crim. App. 1992). 
19. Connolly, 983 S.W.2d at 741. 
20. See id.