In The



Court of Appeals



Ninth District of Texas at Beaumont



 ______________________ 


 

NO. 09-06-339 CR


 ______________________


 

JEREMY CLARY, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 411th District Court


San Jacinto County, Texas


Trial Cause No. 9010






MEMORANDUM OPINION 


 Pursuant to a plea bargain agreement, Jeremy Clary pled guilty to indecency with a
child. See Tex. Pen. Code Ann. § 21.11(a) (Vernon 2003). The trial court found the
evidence sufficient to support the guilty plea, but deferred an adjudication of guilt. The court
placed Clary on community supervision for ten years and assessed a $2,000 fine. 

 Clary submitted to a polygraph examination in which he admitted to engaging in acts
that violated the terms of his community supervision. Clary spoke with his probation officer
and confirmed that Clary engaged in several prohibited acts. 

 The State filed a motion to proceed with the adjudication of guilt based on Clary's
violations of the terms of his community supervision and the conditions of his sex offender
registration. Clary pled "not true" to violating the alleged conditions. After considering the
evidence, the trial court found that five counts alleged in the motion were true and that Clary
violated a condition of his sex offender registration. The court found Clary guilty of
indecency with a child and assessed punishment at twelve years of confinement in the
Institutional Division of the Texas Department of Criminal Justice. 

 Clary argues in this appeal that requiring him to submit to a polygraph examination
was an unreasonable term of his community supervision. Clary contends the violations
alleged in the State's motion were based on admissions he made during the polygraph
examination, and the trial court considered the admissions he made during the polygraph
examination when deciding to adjudicate his guilt. 

 Article 42.12, section 5(b) of the Texas Code of Criminal Procedure provides that if
a defendant violates a condition of deferred adjudication community supervision, he is
entitled to a hearing limited to the court's determination of whether it proceeds with an
adjudication of guilt on the original charge. Tex. Code Crim. Proc. Ann. art. 42.12, § 5(b)
(Vernon 2006). A defendant may not appeal from the court's determination to proceed with
an adjudication of guilt. Id. An appellant may not raise a claim challenging the validity of
the conditions of his community supervision on direct appeal from the adjudication. See
Olowosuko v. State, 826 S.W.2d 940, 941, 942 n.1 (Tex. Crim. App. 1992) (Overstreet, J.,
concurring). An appellate court does not have the jurisdiction to consider claims that relate
to the trial court's determination to proceed with guilt on the original charge. Davis v. State,
195 S.W.3d 708, 710 (Tex. Crim. App. 2006). 

 Clary essentially argues that any alleged violations based on the admissions made
during the polygraph examination cannot support the determination to proceed with an
adjudication of guilt. The asserted error concerns the decision to proceed with an
adjudication of guilt. See id. We dismiss the appeal.

 APPEAL DISMISSED.

 ____________________________

 DAVID GAULTNEY

 Justice


Submitted on April 12, 2007 

Opinion Delivered July 25, 2007 

Do not publish


Before Gaultney, Kreger, and Horton, JJ.