# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-07-00092-CR

**Ricci Renee Robbins, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 26TH JUDICIAL DISTRICT
### NO. 04-1128-K26, HONORABLE BILLY RAY STUBBLEFIELD, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

In November 2005, appellant Ricci Renee Robbins pleaded guilty to interfering with child custody. *See* Tex. Penal Code Ann. § 25.03 (West Supp. 2007). The trial court deferred adjudication and placed appellant on community supervision. The State subsequently moved to adjudicate. Following a hearing on February 6, 2007, the court found that appellant had violated the terms of her supervision, adjudicated her guilty, and sentenced her to two years in state jail and a $1,000 fine.

In her only point of error, appellant contends that the evidence was insufficient to support the decision to adjudicate. She relies on article 42.12, section 5(b), which, as amended effective June 15, 2007, provides that the decision to adjudicate is appealable in the same manner as the decision to revoke community supervision in cases in which adjudication was not deferred. Tex. Code Crim. Proc. Ann. art. 42.12, § 5(b) (West Supp. 2007). The amended section 5(b) only

applies, however, to adjudication hearings held on or after the effective date of the amendment. Act of May 28, 2007, 80th Leg., R.S., ch. 1308, § 53, 2007 Tex. Sess. Law Serv. 4404, 4421. Because the adjudication hearing in this cause was conducted before June 15, 2007, no appeal may be taken from the decision to adjudicate. *See* Act of May 29, 1989, 71st Leg., R.S., ch. 785, § 4.17, 1989 Tex. Gen. Laws 3471, 3501; *Olowosuko v. State*, 826 S.W.2d 940, 942 (Tex. Crim. App. 1992). Because the point of error presents nothing for review, it is overruled.

The judgment of conviction is affirmed.

_____

Jan P. Patterson, Justice

Before Justices Patterson, Puryear and Pemberton

Affirmed

Filed: December 20, 2007

Do Not Publish