11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

Anthony Deshaun Evans

Appellant

Vs                    No.
11-03-00054-CR B Appeal from Dallas County

State of Texas

 Appellee

 

This is
an appeal from a judgment adjudicating guilt. 
Anthony Deshaun Evans originally entered a plea of guilty to the offense
of aggravated assault.  Pursuant to a
plea bargain agreement, the trial court deferred the adjudication of appellant=s guilt, placed appellant on community
supervision for 5 years, and assessed a $500 fine.  At the hearing on the State=s motion to adjudicate, appellant entered
pleas of true to five of the State=s allegations and pleas of not true to two
allegations.  The trial court found six
of the allegations that appellant violated the terms and conditions of his
community supervision to be true, revoked his community supervision,
adjudicated his guilt, and imposed a sentence of confinement for 6 years and a
$500 fine.  We affirm.

 In her brief, court-appointed counsel states
that she has diligently reviewed the entire record and applicable law and that
she has concluded that there are no arguable points upon which an appeal may be
predicated.  Counsel further states that
she believes this court=s jurisdiction over this appeal is limited
by TEX. CODE CRIM. PRO. ANN. art. 42.12, ' 5(b) (Vernon Supp. 2003), and Manuel v.
State, 994 S.W.2d 658 (Tex.Cr.App.1999). 
We agree. 

Counsel
has furnished appellant with a copy of the brief and advised appellant of his
right to review the record and file a pro se brief.  A pro se brief has not been filed.  Counsel has complied with the procedures
outlined in Anders v. California, 386 U.S. 738 (1967); Stafford v.
State, 813 S.W.2d 503 (Tex.Cr.App.1991); High v. State, 573 S.W.2d
807 (Tex.Cr.App.1978); Currie v. State, 516 S.W.2d 684 (Tex.Cr.App.1974);
and Gainous v. State, 436 S.W.2d 137 (Tex.Cr.App.1969).








Following
the procedures outlined in Anders, we have independently reviewed the
record.  No appeal may be taken from the
trial court=s determination to adjudicate guilt.  Article 42.12, section 5(b); Phynes v.
State, 828 S.W.2d 1 (Tex.Cr.App.1992); Olowosuko v. State, 826
S.W.2d 940 (Tex.Cr.App.1992);  Russell
v. State, 702 S.W.2d 617 (Tex.Cr.App.1985), cert. den=d, 479 U.S. 885 (1986).  The
record fails to support any possible grounds for reversal.  We agree that the appeal is without merit.

The
judgment of the trial court is affirmed.

 

PER
CURIAM

 

November 6, 2003

Do not publish.  See TEX.R.APP.P. 47.2(b).

Panel consists of: Arnot, C.J., and

Wright, J., and McCall, J.