11th Court of Appeals
Eastland, Texas
Opinion
 
Ricky Wayne Harrington
            Appellant
Vs.                  No. 11-03-00297-CR -- Appeal from Midland County
State of Texas
            Appellee
 
            This is an appeal from a judgment adjudicating guilt. Ricky Wayne Harrington originally
entered a plea of guilty to the offense of possession of marihuana in the amount of 2,000 pounds or
less but more than 50 pounds. Pursuant to a plea bargain agreement, the trial court deferred the
adjudication of guilt, placed appellant on community supervision for 2 years, and assessed a $1,000
fine. After a hearing on the State’s motion to adjudicate, the trial court found that appellant had
violated the terms and conditions of his community supervision by possessing a useable amount of
marihuana and by possessing a firearm. The trial court revoked appellant’s community supervision,
adjudicated his guilt, and assessed his punishment at confinement for 15 years. We affirm.
            Appellant’s court-appointed counsel has filed a brief in which he states that he has diligently
reviewed the appellate record and has concluded that the record reflects no reversible error. Counsel
has furnished appellant with a copy of the brief and has advised him of his right to review the record
and to file a pro se brief. A pro se brief has been filed. Counsel has complied with the procedures
outlined in Anders v. California, 386 U.S. 738 (1967); Stafford v. State, 813 S.W.2d 503
(Tex.Cr.App.1991); High v. State, 573 S.W.2d 807 (Tex.Cr.App.1978); Currie v. State, 516 S.W.2d
684 (Tex.Cr.App.1974); and Gainous v. State, 436 S.W.2d 137 (Tex.Cr.App.1969).
            In his pro se brief, appellant challenges the effectiveness of his counsel at the hearing on the
State’s motion to adjudicate. Appellant contends that his retained counsel did not adequately
communicate with him prior to the hearing. Appellant also argues that, during the hearing when the
trial court stated that if community supervision was revoked punishment would be assessed between
2 and 20 years, his counsel told him that the trial court was wrong. Appellant also challenges the
sufficiency of the State’s evidence that he violated the terms and conditions of his community
supervision and contends that the State alleged that he violated the terms and conditions of his
community supervision by possessing 127 pounds of marihuana and a firearm but instead proved a
conspiracy. 
            TEX. CODE CRIM. PRO. ANN. art. 42.12, § 5(b) (Vernon Supp. 2004) precludes an appeal
challenging the trial court’s determination to proceed with the adjudication of guilt. Phynes v. State,
828 S.W.2d 1 (Tex.Cr.App.1992); Olowosuko v. State, 826 S.W.2d 940 (Tex.Cr.App.1992).
Therefore, appellant’s arguments challenging the trial court’s decision to revoke are not properly
before this court and cannot be considered. To the extent that appellant is challenging the
effectiveness of his trial counsel after the trial court’s decision to revoke and adjudicate, the record
does not support his contentions. This argument is overruled. Strickland v. Washington, 466 U.S.
668 (1984); Hernandez v. State, 988 S.W.2d 770 (Tex.Cr.App.1999). All of appellant’s arguments
have been considered. All of the arguments properly before this court are overruled.
            Following the procedures outlined in Anders, we have independently reviewed the record. 
We agree that the appeal is without merit.
            The judgment of the trial court is affirmed.
 
                                                                                                            PER CURIAM
 
May 27, 2004
Do not publish. See TEX.R.APP.P. 47.2(b).
Panel consists of: Arnot, C.J., and
Wright, J., and McCall, J.