11th Court of Appeals
Eastland, Texas
Opinion
 
Kieth Jamaar McKinney
            Appellant
Vs.                  No. 11-03-00329-CR – Appeal from Harris County
State of Texas
            Appellee
 
            This is an appeal from a judgment adjudicating guilt. Kieth Jamaar McKinney originally
entered a plea of guilty to the offense of possession of codeine with an aggregate weight of more than
400 grams. Pursuant to the plea bargain agreement, the trial court deferred the adjudication of guilt,
placed appellant on community supervision for 6 years, and assessed a $500 fine. After a hearing
on the State’s motion to adjudicate, the trial court found that appellant had violated the terms and
conditions of his community supervision, revoked his community supervision, adjudicated his guilt,
and imposed a sentence of confinement for 10 years. We affirm.
            Appellant’s court-appointed counsel has filed a brief in which he reviews the proceedings
in the trial court and the applicable law. Counsel states that he is unable to submit any arguable
grounds of error. Counsel has furnished appellant with a copy of the brief and advised appellant of
his right to review the record and file a pro se brief. A pro se brief has not been filed. Counsel has
complied with the procedures outlined in Anders v. California, 386 U.S. 738 (1967); Stafford v.
State, 813 S.W.2d 503 (Tex.Cr.App.1991); High v. State, 573 S.W.2d 807 (Tex.Cr.App.1978);
Currie v. State, 516 S.W.2d 684 (Tex.Cr.App.1974); and Gainous v. State, 436 S.W.2d 137
(Tex.Cr.App.1969).
            Following the procedures outlined in Anders, we have independently reviewed the record. 
TEX. CODE CRIM. PRO. ANN. art. 42.12, § 5(b) (Vernon Supp. 2004) precludes an appeal
challenging the trial court’s determination to proceed with the adjudication of guilt. Phynes v. State,
828 S.W.2d 1 (Tex.Cr.App.1992); Olowosuko v. State, 826 S.W.2d 940 (Tex.Cr.App.1992). The
record reflects no reversible error in the punishment phase of the hearing or in any of the trial court’s
determinations subject to challenge on appeal. We agree that the appeal is without merit.
            The judgment of the trial court is affirmed.
 
                                                                                    PER CURIAM
 
May 27, 2004
Do not publish. See TEX.R.APP.P. 47.2(b).
Panel consists of: Arnot, C.J., and
Wright, J., and McCall, J.