NO. 07-03-0105-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

JUNE 23, 2004

_____

SAMUEL ESCOBAR, JR., APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 108TH DISTRICT COURT OF POTTER COUNTY;

NO. 40,383-E; HONORABLE ABE LOPEZ, JUDGE

_____

Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.

**MEMORANDUM OPINION**

On June 14, 1999, appellant Sammy Ray Escobar pleaded guilty, pursuant to a plea bargain, to an indictment alleging aggravated assault with a deadly weapon. After hearing the evidence and finding that it substantiated appellant's guilt, the trial court, acting in accordance with the plea bargain, deferred further proceedings without entering a finding

of guilt and placed appellant on community supervision for ten years. Later, the State filed a motion to proceed with adjudication of guilt and, on January 16, 2003, the trial court conducted a hearing on the motion. Appellant pleaded true to all seventeen of the violations alleged by the State in its motion, and the State recommended a sentence previously agreed to by appellant. The trial court adjudicated appellant guilty, then followed the State's recommendation by imposing a sentence of 14 years confinement and entering a deadly weapon finding. Appellant filed a *pro se* notice of appeal, and the trial court appointed appellate counsel. In presenting this appeal, appellant's attorney has filed an *Anders* brief in support of a motion to withdraw. *See* Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). We affirm and grant counsel's motion to withdraw.

In his brief, appellant's attorney certifies he diligently reviewed the record and determined that, in his opinion, it reflects no reversible error or grounds upon which an appeal can be predicated. *Id*. Thus, he concludes, the appeal is without merit and is frivolous. Also in the brief, counsel candidly discusses why, under the controlling authorities, there is no error in the court's judgment. *See* High v. State, 573 S.W.2d 807, 813 (Tex.Cr.App. 1978). Furthermore, counsel certifies he served a copy of the brief on appellant and informed him that, in his view, the appeal is without merit. Attached to the brief is a copy of a letter by which the attorney notified appellant of his right to review the record and to file a response.

In compliance with the principles enunciated in *Anders*, counsel discusses four potential areas for appeal. First, he explains that appellant failed to appeal issues related to his original plea of guilty within 30 days of being placed on deferred adjudication. Additionally, according to counsel, even if appellant had timely filed the notice of appeal, it would be inadequate to invoke this Court's jurisdiction because it does not comport with the certification requirements of rule 25.2 of the Rules of Appellate Procedure. Second, counsel points out that article 42.12 of the Code of Criminal Procedure provides that no appeal may be taken from a determination to proceed with adjudication of guilt. In any event, counsel continues, appellant pleaded true to each of the violations alleged by the State in its motion to proceed with adjudication of guilt, and any one of those pleas would be sufficient to support the trial court's decision to revoke. Third, while acknowledging that appellant did not receive a separate punishment hearing, counsel notes that the record is devoid of any objection to, or motion for new trial on the basis of, the trial court's failure to conduct one. Finally, counsel refers to appellant's *pro se* notice of appeal by which appellant appears to complain that his true plea at the adjudication hearing was involuntary because he received ineffective assistance of counsel. Counsel concludes, however, that this Court would be without jurisdiction to entertain the complaint. In sum, counsel determines that the only portion of the proceeding over which this Court would have jurisdiction is the punishment phase of the adjudication hearing. In that proceeding, in response to the only potential error–the trial court's failure to conduct a separate punishment hearing–appellant neglected to lodge an objection.

Appellant filed a response claiming the trial court erred in failing to admonish him (1) "regarding the legal consequences of a nolo contendere plea"[1] and (2) "of the consequences of deferred adjudication"; and (3) by "adjudicating [him] guilty and immediately sentenced [sic] him to (14) yrs [sic] confinement without giving [him] opportunity [sic] to be heard on the issue of punishment and sentencing."[2] With his first two complaints appellant maintains that the plea he entered on January 16, 2003 was rendered involuntary by the trial court's failure to comply with the admonishment requirements of article 26.13 of the Code of Criminal Procedure. *See* Tex. Code Crim. Proc. Ann. art. 26.13(a) (Vernon Supp. 2004).[3] That article requires the trial court to advise a criminal defendant of certain rights prior to accepting his guilty or nolo contendere plea. The trial court accepted appellant's guilty plea in June of 1999 during the original plea hearing. Article 26.13 imposed no further duty upon the trial court during the subsequent probation revocation in January of 2003. Furthermore, if appellant believed the trial court's admonitions to him during the original plea proceeding failed to comport with the edicts of

---

[1]While appellant purports to challenge his plea of nolo contendere, we observe that he, in fact, entered a guilty plea during the original plea proceedings.

[2]In the section of his response entitled Issues Presented for Review, appellant lists an additional complaint urging that the trial court's failure to provide a separate punishment hearing deprived him of due process. Apart from its mention in that section, however, appellant neither refers to that claim elsewhere in the response nor presents arguments and authority to support his position. Thus, we will not consider it. *See* Tex. R. App. P. 38.1(h).

[3]All references are to the Code of Criminal Procedure unless otherwise indicated. (Vernon Supp. 2004).

4

article 26.13, the time for him to voice that objection was immediately following the imposition of deferred adjudication. *See* Nix v. State, 65 S.W.3d 664, 667 (Tex.Cr.App. 2001). Thus, we cannot consider appellant's first and second complaints.

With the last complaint in his response, appellant challenges the trial court's failure to conduct a separate punishment hearing. While no appeal may be taken from a trial court's determination to adjudicate guilt, one may be had to challenge the assessment of punishment and pronouncement of sentence. Art. 42.12, § (5)(b); *see* Olowosuko v. State, 826 S.W.2d 940, 942 (Tex.Cr.App. 1992). Here, after appellant pleaded true to each of the allegations contained in the State's motion to proceed with adjudication of guilt, the trial court inquired of the State's recommendation. The State then detailed the plea bargain agreement as to punishment, and appellant's attorney confirmed it. The court immediately pronounced sentence, without giving appellant the opportunity to present evidence relevant to punishment. In this, the trial court erred. *See* Vidaurri v. State, 49 S.W.3d 880, 886 (Tex.Cr.App. 2001). However, because appellant neither objected to the trial court's failure to allow him to present punishment evidence, nor filed a motion for new trial complaining of his inability to do so, he has waived such error. *Id*.

By his notice of appeal, appellant advances an ineffective assistance of counsel claim. Appellant contends his attorney had a "conflict of interest" and that there was an "attorney-client break-down" which precipitated his decision to plead true to the allegations contained in the State's motion to proceed with adjudication of guilt. Appellant appears to

assert that his plea was rendered involuntary by the ineffective assistance of counsel. Initially, we note that the voluntariness of a plea from a plea-bargained felony conviction is not reviewable on appeal. Cooper v. State, 45 S.W.3d 77 (Tex.Cr.App. 2001). Next, we acknowledge that in the context of an adjudication proceeding, we may only review ineffective assistance claims as they pertain to post adjudication matters . *See Olowosuko* 826 S.W.2d at 942 (holding that article 42.12, section 5(b) expressly allows an appeal of all proceedings after adjudication of guilt on original charge). Because appellant's complaint pertains to matters that occurred before the trial court adjudicated him, we may not consider it.

In addition to considering counsel's and appellant's complaints, we have made an independent examination of the entire record to determine whether there are any arguable grounds which might support the appeal. *See* Penson v. Ohio, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); Stafford v. State, 813 S.W.2d 503, 511 (Tex.Cr.App. 1991). The record illustrates that no appeal was taken within 30 days from the date of appellant's guilty plea and the order to defer adjudication of his guilt. When the adjudication of an accused's guilt is deferred and the individual is placed on community supervision, complaints involving the original plea proceeding must be raised on appeal immediately after deferred adjudication is imposed. *Nix*, 65 S.W.3d at 667. The only instance in which they may thereafter be raised by direct appeal concerns error rendering the judgment void. *Id*. at 667. In this case, there is no evidence to indicate that any of the void judgment exceptions apply. Thus, we would have no jurisdiction over any purported error arising

6

from or prior to the plea hearing. Further, appellant pleaded true to the violations of his community supervision, and no appeal may be taken from a determination to proceed with adjudication of guilt. Art. 42.12, § 5(b). The punishment assessed was also within the range prescribed by law and agreed to by the parties. Tex. Pen. Code Ann. art. 12.33(a) (Vernon 2003). Thus, having found no arguable grounds for appeal, we concur with counsel's assessment that the appeal is without merit and frivolous. Currie v. State, 516 S.W.2d 684 (Tex.Cr.App. 1974).

Accordingly, counsel's motion to withdraw is granted and the judgment of the trial court is affirmed.

Don H. Reavis
Justice

Do not publish.