Affirmed and Memorandum Opinion filed February 17, 2005









Affirmed and Memorandum Opinion filed February 17,
2005.

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-04-00667-CR

____________

 

DeLAWRENCE
ANDRE LEWIS, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 177th District
Court

Harris County,
Texas

Trial Court Cause No.
842,685

 



 

M E M O R A N D U M   O P I N I O N

Appellant entered a plea of no contest to the offense of
delivery more than 200, but less than 400, grams of cocaine.  On November 1, 2000, appellant was placed on
deferred adjudication community supervision. 
On March 24, 2004, the State filed a motion to adjudicate appellant=s guilt.  After a hearing on June 18, 2004, the trial
court adjudicated appellant=s guilt and sentenced him 
to confinement for sixteen years in the Institutional Division of the
Texas Department of Criminal Justice. 
Appellant filed a timely, written notice of appeal.








Appellant=s appointed counsel filed a brief in which he concludes the
appeal is wholly frivolous and without merit. 
The brief meets the requirements of Anders v. California, 386
U.S. 738, 87 S.Ct. 1396 (1967), presenting a professional evaluation of the
record demonstrating why there are no arguable grounds to be advanced.  See High v. State, 573 S.W.2d 807
(Tex. Crim. App. 1978).

A copy of counsel=s brief was delivered to
appellant.  Appellant was advised of the
right to examine the appellate record and file a pro se response.  See Stafford v. State, 813 S.W.2d 503,
510 (Tex. Crim. App. 1991).  This court
granted appellant=s request to view the record ordered the trial court to
furnish him a copy of the record.  The
district clerk=s office confirmed that appellant
received a copy of the record on December 20, 2004.

On February 10, 2005, appellant filed his response to counsel=s brief, in which he has asserted
that he received ineffective assistance of counsel at the time he entered his
plea of no contest, rendering his plea involuntary.  The Texas Code of Criminal Procedure provides
that a defendant may not appeal a trial court=s determination to proceed with an
adjudication of guilt after the court concludes that the defendant failed to
comply with the conditions of community supervision.  Tex.
Code Crim. Proc. Ann. art. 42.12 ' 5(b) (Vernon Supp. 2004);  Olowosuko v. State, 826 S.W.2d 940, 942
(Tex. Crim. App. 1992) (holding that defendant may not challenge trial court=s determination to adjudicate guilt).
 A defendant, must raise any error
relating to an original plea bargain in an appeal from the original proceeding
or it is waived.  Manuel v. State,
994 S.W.2d 658, 661‑62 (Tex. Crim. App. 1999).  Appellant did not appeal the deferred
adjudication order and its conditions at the time the trial court imposed them,
nor did he appeal the effectiveness of his counsel in connection with the plea
proceeding.  Because appellant=s ineffective assistance of counsel
claim relates to the original plea proceeding, we have no jurisdiction to
consider it.  See id.








We have carefully reviewed the record, counsel=s brief, and appellant=s response, and we agree the appeal
is wholly frivolous and without merit. 
Further, we find no reversible error in the record.  A further discussion of the brief or
appellant=s response would add nothing to the
jurisprudence of the state.

Accordingly, the judgment of the trial court is affirmed.

 

PER CURIAM

 

Judgment rendered and Memorandum
Opinion filed February 17, 2005.

Panel consists of Chief Justice
Hedges and Justices Fowler and Frost. 

Do Not Publish C Tex. R. App. P. 47.2(b).