Opinion filed October 13, 2005












 
 
  
 
 







 
 
  
 
 




Opinion filed October 13, 2005

 

 

 

 

                                                                         In
The

                                                                              

    Eleventh Court of Appeals

                                                                   __________

 

                                                             No.
11-05-00074-CR 

 

                                                                   __________

 

                                                 GARNELL
MOSELEY, Appellant

 

                                                                            V.

 

                                                 THE
STATE OF TEXAS, Appellee

 



 

                                         On
Appeal from the 385th District Court

 

                                                        Midland
County, Texas

 

                                                 Trial
Court Cause No. CR28472

 



 

                                                                   O
P I N I O N

 








This is an appeal from a judgment revoking
deferred adjudication community supervision and adjudicating guilt.  Garnell Moseley originally entered a
plea of guilty to the offense of sexual assault of a child.  Pursuant to the plea bargain agreement,
the trial court deferred the adjudication of appellant=s
guilt, placed him on community supervision for 10 years, and assessed a $2,000
fine.  At the hearing on the State=s motion to adjudicate, appellant
entered pleas of true to each of the five allegations that he violated the
terms and conditions of his community supervision.  After the hearing, the trial court found
that appellant had violated the terms and conditions of his community
supervision, revoked his community supervision, adjudicated his guilt, and
imposed a sentence of confinement for 15 years.  We affirm.

Appellant=s
court-appointed counsel has filed a motion to withdraw.  The motion is supported by a brief in
which counsel professionally and conscientiously examines the record and
applicable law and states that he has concluded that the appeal is
frivolous.  Counsel has provided
appellant with a copy of the brief and advised appellant of his right to review
the record and file a response to counsel=s
brief.  A response has not been
filed.  Court-appointed counsel has
complied with the requirements of Anders v. California, 386 U.S. 738
(1967); Stafford v. State, 813 S.W.2d 503 (Tex.Cr.App.1991); High v.
State, 573 S.W.2d 807 (Tex.Cr.App.1978); Currie v. State, 516 S.W.2d
684 (Tex.Cr.App.1974); Gainous v. State, 436 S.W.2d 137
(Tex.Cr.App.1969); Eaden v. State, 161 S.W.3d 173 (Tex.App. - Eastland
2005, no pet=n).

Following the procedures outlined in Anders,
we have independently reviewed the record, and we agree that the appeal is
without merit.  We note that TEX.
CODE CRIM. PRO. ANN. art. 42.12, '
5(b) (Vernon Pamph. Supp. 2004 - 2005) precludes an appeal challenging the
trial court=s
determination to proceed with the adjudication of guilt.  Phynes v. State, 828 S.W.2d 1
(Tex.Cr.App.1992); Olowosuko v. State, 826 S.W.2d 940 (Tex.Cr.App.1992).


The motion to withdraw is granted, and the
judgment is affirmed.

 

PER CURIAM

 

October 13, 2005

Do not publish.  See
TEX.R.APP.P. 47.2(b).

Panel
consists of: Wright, C.J., and

McCall,
J., and Strange, J.