NUMBER 13-05-602-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 


ANTONIO ALEMAN, Appellant,


v.



THE STATE OF TEXAS, Appellee.

 




On appeal from the 156th District Court of Bee County, Texas.


 


MEMORANDUM OPINION



Before Justices Hinojosa, Yañez, and Garza


Memorandum Opinion by Justice Yañez


 

 By a single issue, appellant, Antonio Aleman, contends the trial court abused its
discretion by assessing his punishment at five years' imprisonment, rather than assigning
him to the Substance Abuse Felony Punishment Facility (SAFPF), following the revocation
of appellant's deferred adjudication community supervision. We affirm.

Background


 Without a plea bargain agreement, on January 8, 1998, appellant pleaded nolo
contendere to the offense of aggravated assault. (1) The trial court deferred adjudication,
placed appellant on deferred adjudication community supervision for six years, and sent
him to the SAFPF. 

 The State filed a motion to revoke appellant's community supervision on November
3, 2000, and an amended motion to revoke on August 15, 2002, alleging various violations
of appellant's community supervision. At a hearing on August 29, 2002, appellant pleaded
"true" to the allegations in the State's motion. The trial court did not revoke appellant's
community supervision, but extended it for an additional two years (through January 8,
2006), and assigned appellant to the SAFPF. 

 On August 16, 2005, the State filed a motion to revoke appellant's community
supervision based on several alleged violations of the terms of his community supervision. 
At a hearing on August 30, 2005, appellant pleaded "true" to the alleged violations. The
trial court adjudicated him guilty, revoked his community supervision, and sentenced him
to five years' imprisonment in the Institutional Division of the Texas Department of Criminal
Justice. 

 In his sole issue, appellant contends the trial court abused its discretion by
sentencing him to imprisonment rather than ordering him to the SAFPF. 

Standard of Review and Applicable Law

 We review a sentence imposed by the trial court for abuse of discretion. (2) Article
42.12, section 5(b) of the code of criminal procedure provides that no appeal may be taken
from a trial court's determination to proceed with adjudication of guilt. (3) However, an appeal
may be taken to challenge the assessment of punishment and assessment of sentence. (4) It is a general rule that as long as a sentence is within the proper range of punishment, it
will not be disturbed on appeal. (5) 

Analysis


 At the punishment hearing, appellant told the court: "I would rather I go to treatment
outpatient instead of going to TDC. I feel that TDC is not going to help me out." A moment
later, in response to a question from his counsel regarding what sentence appellant would
recommend if the trial court decided to sentence him to prison, appellant said, "I mean, I
don't want to go to the penitentiary. It's just [the trial judge's] discretion." Shortly
thereafter, the trial court found appellant guilty and sentenced him to five years'
imprisonment. 

 Here, the sentence imposed by the trial court was within the statutorily permissible
range. (6) Accordingly, we hold that the trial court did not abuse its discretion in imposing the
sentence. (7) 

 We overrule appellant's sole issue and affirm the trial court's judgment. 



 LINDA REYNA YAÑEZ,

 Justice







Do not publish. Tex. R. App. P. 47.2(b).


Memorandum opinion delivered and filed 

this the 10th day of August, 2006.

 

 

 
1. See Tex. Pen. Code Ann. § 22.02 (Vernon Supp. 2005). Although section 22.02 has been amended,
the amendments are inapplicable here; thus we cite to the current version of the statute. 
2. Jackson v. State, 680 S.W.2d 809, 814 (Tex. Crim. App. 1984). 
3. Tex. Code Crim. Proc. Ann. art. 42.12, § 5(b) (Vernon Supp. 2005); see also Connolly v. State, 983
S.W.2d 738, 741 (Tex. Crim. App. 1999); Olowosuko v. State, 826 S.W.2d 940, 942 (Tex. Crim. App. 1992). 
4. See Tex. Code Crim. Proc. Ann. art. 42.12, § 5(b) (Vernon Supp. 2005); Olowosuko, 826 S.W.2d 
at 942.
5. Jackson, 680 S.W.2d at 814. 
6. See Tex. Pen. Code Ann. § 22.02(a)(2) (Vernon Supp. 2005); id. § 12.33 (Vernon 2003).
7. See Jackson, 680 S.W.2d at 814.