Opinion filed March 29, 2007















 
 
  
 
 







 
 
  
 
 




Opinion filed March 29, 2007

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh Court of Appeals

                                                                   __________

 

                                                          No. 11-06-00052-CR 

                                                    __________

 

                               JESUS ALBERT CARBAJAL, Appellant

 

                                                             V.

 

                                        STATE
OF TEXAS,
Appellee

 



 

                                          On
Appeal from the 35th District Court

 

                                                          Brown
 County, Texas

 

                                                 Trial
Court Cause No. CR17192

 



 

                                                                   O
P I N I O N

This is an appeal from a judgment adjudicating
guilt.  Jesus Albert Carbajal originally
entered a plea of no contest to burglary of a habitation.  Pursuant to the plea bargain agreement, the
trial court deferred the adjudication of Carbajal=s
guilt, placed him on community supervision for ten years, and assessed a $3,500
fine.  After a hearing on the State=s motion to adjudicate, the trial court
found that appellant had violated the terms and conditions of his community
supervision, revoked his community supervision, adjudicated appellant=s guilt, and sentenced him to
confinement for forty years.  We affirm.








                                                                 Issues
on Appeal

Appellant has briefed five issues on appeal.  In his first two issues, appellant argues
that the trial court erred in failing to grant his motion for mistrial during
the hearing on the motion to adjudicate. 
In the third and fourth issues, appellant contends that the trial court
erred in failing to grant his motion to recuse the trial judge, recess the
hearing, and have a different trial judge appointed to hear the motion to
adjudicate.  In his final issue,
appellant argues that the trial court erred in failing to exclude inadmissible
evidence during the punishment phase.

                                       Complaints
Relating to the Adjudication Hearing

In his first four issues, appellant is challenging
rulings that occurred during the hearing on the State=s
motion to adjudicate.  These complaints
are not properly before this court.  Tex. Code Crim. Proc. Ann. art. 42.12,
' 5(b) (Vernon 2006) precludes an appeal
challenging the trial court=s
determination to proceed with the adjudication of guilt.  Davis
v. State, 195 S.W.3d 708, 709 (Tex. Crim.
App. 2006); Hargesheimer v. State, 182 S.W.3d 906, 909 (Tex. Crim. App. 2006); Hogans v. State, 176 S.W.3d
829, 831 (Tex.
Crim. App. 2005); Phynes v. State, 828 S.W.2d 1, 2 (Tex. Crim. App.
1992); Olowosuko v. State, 826 S.W.2d 940, 942 (Tex. Crim. App.
1992).  Therefore, these issues are
dismissed for want of jurisdiction.

                             Complaint
as to Evidence Admitted at the Punishment Phase

At the hearing on the motion to adjudicate,
appellant testified that two of his brothers, as well as his parents, had shots
fired at their homes.  Appellant also
testified concerning the possible involvement of the victim of the assault
allegation in the motion to adjudicate in these shootings of the homes of his
relatives and concerning charges pending against his brothers arising out of
the situation.  At the punishment
hearing, the State called Brown County Deputy Sheriff Tony Aaron and offered
his testimony concerning his investigation of these incidents in an attempt to
rebut appellant=s
statements.

Appellant contends that Deputy Aaron=s testimony was irrelevant and should
have been excluded.  Article 42.12,
section 5(b) provides that, after the adjudication of guilt, the case  proceeds as if the adjudication of guilt was
never deferred.  Therefore, this fifth
issue challenging the admission of testimony at the punishment phase may be
raised on appeal and is properly before this court.








We disagree with appellant=s
arguments that Deputy Aaron=s
testimony was irrelevant and inadmissible. 
Deputy Aaron testified as to events that appellant raised first, and the
testimony was relevant to rebut appellant=s
testimony.  Also, appellant states in his
brief that the incidents involved in Deputy Aaron=s
testimony surrounded his assault of the victim. 
Appellant argues that, because the trial court had already determined
the allegation that appellant assaulted the victim to be true, no further
testimony was relevant.  We disagree and
find that the trial court did not err. 
The fifth issue is overruled.

                                                               This
Court=s Ruling

The judgment of the trial court is affirmed.

 

 

TERRY McCALL

JUSTICE

 

March 29, 2007

Do not publish.  See
Tex. R. App. P. 47.2(b).

Panel
consists of:  Wright, C.J., 

McCall,
J., and Strange, J.