Opinion filed March 29, 2007 















 
 
  
 
 







 
 
  
 
 




Opinion filed March 29, 2007 

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh Court of Appeals

                                                                   __________

 

                                                          No. 11-06-00344-CR 

                                                    __________

 

                               ALLYSON MARIE EPPLER, Appellant

 

                                                             V.

 

                                        STATE
OF TEXAS,
Appellee

 



 

                                         On
Appeal from the 385th District Court

 

                                                         Midland
 County, Texas

 

                                                 Trial
Court Cause No. CR31415

 



 

                                                                   O
P I N I O N








This is an appeal from a judgment adjudicating
guilt  On April 6, 2006, the trial court
deferred the adjudication of Allyson Marie Eppler=s
guilt and placed her on community supervision for two years and assessed a $500
fine.  After a hearing on the State=s motion to adjudicate, the trial court
on November 2, 2006, found that appellant had violated the terms and conditions
of her community supervision, revoked her community supervision, adjudicated
her guilty of possession of cocaine, and imposed a sentence of confinement for
two years.  The trial court suspended the
imposition of the sentence and placed appellant on Aregular@ community supervision for four
years.  We affirm.

Appellant=s
court-appointed counsel has filed a motion to withdraw.  The motion is supported by a brief in which
counsel professionally and conscientiously examines the record and applicable
law and states that he has concluded that the appeal is frivolous.  

In his brief, counsel has set forth three
potential points of error for review: 
that the evidence supporting the revocation of deferred adjudication
community supervision was insufficient, that the trial court abused its
discretion in sentencing appellant to regular community supervision, and that
the trial court abused its discretion in making participation in the Court
Residential Treatment Facility a term of appellant=s
regular community supervision.  As
counsel points out in his brief, Tex.
Code Crim. Proc. Ann. art. 42.12, '
5(b) (Vernon 2006) precludes an appeal challenging the trial court=s determination to proceed with the
adjudication of guilt.  Davis
v. State, 195 S.W.3d 708, 709 (Tex. Crim.
App. 2006); Hargesheimer v. State, 182 S.W.3d 906, 909 (Tex. Crim. App. 2006); Hogans v. State, 176 S.W.3d
829, 831 (Tex.
Crim App. 2005); Phynes v. State, 828 S.W.2d 1, 2 (Tex. Crim. App.
1992); Olowosuko v. State, 826 S.W.2d 940, 942 (Tex. Crim. App.
1992).  Therefore, the first potential
point is dismissed for want of jurisdiction. 
Further, as counsel points out, the trial court assessed the punishment
and the terms and conditions of appellant=s
regular community supervision within the mandates of the applicable law.  Tex.
Health & Safety Code Ann. art. 481.115(b) (Vernon 2003); Tex. Pen. Code Ann. ' 12.35 (Vernon 2003); Tex. Code Crim. Proc. Ann. art. 42.12, '' 11(a), 15 (Vernon 2006).  The second and third potential points are
overruled.

Counsel has provided appellant with a copy of the
brief and advised appellant of her right to review the record and file a
response to counsel=s
brief.  A response has not been
filed.  Court-appointed counsel has
complied with the requirements of Anders v. California, 386 U.S. 738
(1967); Stafford v. State, 813 S.W.2d 503 (Tex. Crim. App. 1991); High
v. State, 573 S.W.2d 807 (Tex. Crim. App. 1978); Currie v. State,
516 S.W.2d 684 (Tex. Crim. App. 1974); Gainous v. State, 436 S.W.2d 137
(Tex. Crim. App. 1969); and Eaden v. State, 161 S.W.3d 173 (Tex. App.CEastland 2005, no pet.).








Following the procedures outlined in Anders,
we have independently reviewed the record, and we agree that the appeal is
without merit.  We note that counsel has
the responsibility to advise appellant that she may file a petition for
discretionary review by the Texas Court of Criminal Appeals.  Ex parte Owens, 206 S.W.3d 670 (Tex.
Crim. App. 2006).  Likewise, this court
advises appellant that she may file a petition for discretionary review
pursuant to Tex. R. App. P. 66.  Black v. State, No.
11-06-00273-CR,  2007 WL 431005 (Tex. App.CEastland,  Feb. 8, 2007, no pet. h.). 

The motion to withdraw is granted, and the
judgment is affirmed.

 

PER CURIAM

 

March 29, 2007

Do not publish.  See
Tex. R. App. P. 47.2(b).

Panel
consists of:  Wright, C.J., 

McCall,
J., and Strange, J.