Opinion filed April 26, 2007















 
 
  
 
 







 
 
  
 
 




Opinion filed April 26, 2007

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh Court of Appeals

                                                                   __________

 

                                                          No. 11-05-00033-CR 

                                                    __________

 

                                  RICHARD LEE BROWN, Appellant

 

                                                             V.

 

                                        STATE
OF TEXAS,
Appellee

 



 

                                         On
Appeal from the 161st District Court

 

                                                           Ector County, Texas

 

                                                 Trial
Court Cause No. B-25,158

 



 

                                                                   O
P I N I O N

 








Richard Lee Brown pleaded guilty to four counts of
sexual assault.  The trial court deferred
adjudication of guilt, placed appellant on community supervision for ten years,
and assessed a $1,000 fine.  The State
filed a motion to adjudicate guilt on June 23, 2004, alleging that appellant
failed to abstain from the use of methamphetamine and cocaine.  After a hearing on the motion, the trial
court found that appellant had violated the terms of his community supervision,
continued appellant on community supervision, and amended the rules of
community supervision.  On October 14,
2004, the State filed another motion to adjudicate guilt alleging that
appellant had failed to report to his community supervision officer and had
failed to pay his fine, court costs, and supervision fee.  After a hearing on the motion, the trial
court found that appellant had violated the terms of his community supervision,
revoked his community supervision, adjudicated his guilt, and sentenced him to
eight years confinement and a $500 fine. 
We dismiss the appeal.

In his sole point of error, appellant contends
that he received ineffective assistance of counsel at the hearing on the State=s motion to adjudicate.  Appellant specifically argues that his trial
counsel was deficient in failing to object when the State questioned him about
an unadjudicated arrest.   Appellant=s complaint is not properly before this
court.  Tex.
Code Crim. Proc. Ann. art. 42.12, '
5(b) (Vernon 2006) precludes an appeal challenging the trial court=s determination to proceed with the
adjudication of guilt.  Davis
v. State, 195 S.W.3d 708, 709 (Tex. Crim.
App. 2006); Hargesheimer v. State, 182 S.W.3d  906, 909 (Tex.
Crim. App. 2006); Hogans v. State, 176 S.W.3d 829, 831 (Tex. Crim. App. 2005); Phynes
v. State, 828 S.W.2d 1, 2 (Tex. Crim. App. 1992); Olowosuko v. State,
826 S.W.2d 940, 942 (Tex. Crim. App. 1992). 
Therefore, appellant=s
sole point is dismissed for want of jurisdiction.  

The appeal is dismissed.  

 

 

JIM R. WRIGHT

CHIEF JUSTICE

 

April 26, 2007

Do not publish.  See
Tex. R. App. P. 47.2(b).

Panel
consists of:  Wright, C.J., 

McCall,
J., and Strange, J.