Opinion filed November 15, 2007











 
 
  
 
 







 
 
  
 
 




Opinion filed November 15, 2007

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh
Court of Appeals

                                                                   __________

 

                                                          No. 11-07-00223-CR

                                                    __________

 

                               DEREK
DEWAYNE BANKS, Appellant

 

                                                             V.

 

                                        STATE
OF TEXAS, Appellee

 



 

                                        On
Appeal from the 252nd District Court

 

                                                       Jefferson
County, Texas

 

                                                    Trial
Court Cause No. 90816

 



 

                                                                   O
P I N I O N

This
is an appeal from a judgment adjudicating guilt.  Derek Dewayne Banks entered a
plea of guilty to the offense of assault on a family member.  Pursuant to the
plea bargain agreement, the trial court deferred the adjudication of his guilt,
assessed a fine of $500, and placed appellant on community supervision for four
years.  At the hearing on the State=s
motion to adjudicate, appellant entered pleas of true to all four of the State=s allegations.  The trial
court found the allegations to be true, revoked appellant=s community supervision,
adjudicated his guilt, and assessed his punishment at confinement for ten
years.  We dismiss.








Appellant=s court-appointed counsel
has filed a motion to withdraw.  The motion is supported by a brief in which
counsel professionally and conscientiously examines the record and applicable
law and concludes that the appeal is frivolous.  Counsel has provided appellant
with a copy of the brief and advised appellant of his right to review the
record and file a response to counsel=s
brief.  A response has not been filed. Court-appointed counsel has complied
with the requirements of Anders v. California, 386 U.S. 738 (1967); Stafford
v. State, 813 S.W.2d 503 (Tex. Crim. App. 1991); High v. State, 573
S.W.2d 807 (Tex. Crim. App. 1978); Currie v. State, 516 S.W.2d 684 (Tex.
Crim. App. 1974); Gainous v. State, 436 S.W.2d 137 (Tex. Crim. App.
1969); Eaden v. State, 161 S.W.3d 173 (Tex. App.CEastland 2005, no pet.).

Following
the procedures outlined in Anders, we have independently reviewed the
record, and we agree that the appeal is without merit.  The hearing was
conducted prior to the June 15, 2007 effective date of the amendment to Tex. Code Crim. Proc. Ann. art. 42.12, ' 5(b) (Vernon Supp. 2007)
allowing an appeal from the determination to adjudicate. Therefore, former Tex. Code Crim. Proc. art. 42.12, ' 5(b) (1999) and its
prohibition concerning appeals from the determination to proceed with the
adjudication of guilt apply.[1]  Davis v.
State, 195 S.W.3d 708, 709 (Tex. Crim. App. 2006); Hargesheimer v. State,
182 S.W.3d 906, 909 (Tex. Crim. App. 2006); Hogans v. State, 176 S.W.3d
829, 831 (Tex. Crim. App. 2005); Phynes v. State, 828 S.W.2d 1, 2 (Tex.
Crim. App. 1992); Olowosuko v. State, 826 S.W.2d 940, 942 (Tex. Crim.
App. 1992). 

We
note that counsel has the responsibility to advise appellant that he may file a
petition for discretionary review by the Texas Court of Criminal Appeals.  Ex
parte Owens, 206 S.W.3d 670 (Tex. Crim. App. 2006).  Likewise, this court
advises appellant that he may file a petition for discretionary review pursuant
to Tex. R. App. P. 66. Black
v. State, 217 S.W.3d 687 (Tex. App.CEastland
2007, no pet.). 

The
motion to withdraw is granted, and the appeal is dismissed.

 

PER CURIAM

November 15,
2007

Do not publish. 
See Tex. R. App. P. 47.2(b).

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.









[1]Former Article 42.12, section 5(b)
provided:

On violation of a condition of community supervision
imposed under Subsection (a) of this section, the defendant may be arrested and
detained as provided in Section 21 of this article. The defendant is entitled
to a hearing limited to the determination by the court of whether it proceeds
with an adjudication of guilt on the original charge. No appeal may be taken from this
determination
(emphasis added).