NO. 07-07-0028-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

NOVEMBER 30, 2007
_____

TERESA NEVARES ARTEAGA, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE 64TH DISTRICT COURT OF HALE COUNTY;

NO. A15835-0412; HONORABLE ROBERT W. KINKAID, JR., JUDGE
_____

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellant Teresa Nevares Arteaga filed a notice of appeal following the adjudication of her guilt for the offense of possession of a controlled substance. Appellant's attorney has filed a brief in compliance with Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and certifies that there are no non-frivolous issues on which to base an appeal. Agreeing with appointed counsel's conclusion the record fails to show any meritorious issue which would support the appeal, we affirm the trial court's judgment.

In December 2004, appellant was charged by indictment with the offense of possession of a controlled substance, specifically cocaine, in an amount of less than one gram. Thereafter, in April 2005, pursuant to a plea agreement, appellant plead guilty as charged in the indictment. The court followed the plea bargain agreement, placing appellant on deferred adjudication community supervision for two years, assessing a $1000 fine, and requiring payment of court costs, restitution and court-appointed attorney's fees. Appellant's deferred adjudication was conditioned on her compliance with specified terms and conditions.

In November 2006, the State filed a Motion to Proceed with an Adjudication of Guilt, alleging several violations of the terms and conditions of appellant's deferred adjudication community supervision. On January 26, 2007, this motion was heard by the court. Appellant plead "true" to allegations that she had used alcohol and consumed cocaine, and that she had failed to make required payments on her fine, court costs and fees. She plead "not true" to the other allegations. After hearing testimony, including testimony from appellant, the court found she had violated the terms and conditions of her community supervision. The court adjudicated appellant guilty of the original offense of possession of a controlled substance.

On the issue of sentencing, the court considered a presentence investigation report, and the State and appellant retendered the evidence previously heard. The court then assessed appellant's punishment at two years confinement in the state jail facility, a $1000 fine, court costs, attorney's fees and $140 in restitution. The court probated the sentence of confinement and placed appellant on community supervision for a period of four years.

2

As a term and condition of that supervision, appellant was sentenced to serve a period of 120 days confinement in a state jail facility. On January 30, 2007, appellant timely filed her notice of appeal, stating she is appealing from the adjudication of guilt.

Thereafter, appellant's appointed counsel filed a motion to withdraw and a brief in support pursuant to *Anders v. California*, 386 U.S. at 744-45, in which he certifies that he has diligently reviewed the record and, in his professional opinion, under the controlling authorities and facts of this case, there is no reversible error or legitimate grounds upon which a non-frivolous appeal can arguably be predicated. The brief discusses the procedural history of the case and the proceedings in connection with the Motion to Adjudicate Guilt. Counsel also notes applicable statutory provisions and relevant case law. Counsel has certified that a copy of the *Anders* brief and motion to withdraw have been served on appellant, and that counsel has advised appellant of her right to review the record and file a *pro se* response. *Johnson v. State*, 885 S.W.2d 641, 645 (Tex.App.–Waco 1994, pet. ref'd). By letter, this Court also notified appellant of her opportunity to submit a response to the *Anders* brief and motion to withdraw filed by her counsel. Appellant has not filed a response.

In conformity with the standards set out by the United States Supreme Court, we do not rule on the motion to withdraw until we have independently examined the record. *Nichols v. State*, 954 S.W.2d 83, 86 (Tex.App.–San Antonio 1997, no pet.). If this Court determines the appeal has merit, we will remand it to the trial court for appointment of new counsel. *Stafford v. State*, 813 S.W.2d 503, 511 (Tex.Crim.App.1991).

Counsel's brief correctly notes that, under the statutory provisions applicable to this case, the trial court's adjudication of guilt is not appealable.[1]  Tex. Code Crim. Proc. Ann. art. 42.12, § 5(b) (Vernon 2006); *Phynes v. State,* 828 S.W.2d 1 (Tex.Crim.App. 1992), *Olowosuko v. State,* 826 S.W.2d 940 (Tex.Crim.App. 1992).  However, claims that the trial court erred in the punishment phase of the proceeding in appellant's case may be addressed on appeal.  *Hogans v. State*, 176 S.W.3d 829, 833 (Tex.Crim.App. 2005).

Our review convinces us that appellate counsel conducted an adequate review of the record.  We have also made an independent examination of the entire record to determine whether there are any arguable grounds which might support the appeal, to the extent permitted by statute.  We agree the record presents no meritorious grounds for review.  Accordingly, we grant counsel's motion to withdraw[2] and affirm the judgment of the trial court.

James T. Campbell
Justice

Do not publish.

---

[1] The adjudication of appellant's guilt occurred before the effective date of Senate Bill 909, which authorizes appeals from the decision to adjudicate.  Act of June 15, 2007, 80th Leg., R.S., Ch. 1308, § 1. 2007 Tex. Gen. Laws—(amending Tex. Code Crim. Proc. Ann. art. 42.12, § 5).

[2] Counsel shall, within five days after the opinion is handed down, send his client a copy of the opinion and judgment, along with notification of the defendant's right to file a *pro se* petition for discretionary review.  *See* Tex. R. App. P. 48.4.