NO. 07-07-0028-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A
Â 
NOVEMBER 30, 2007
______________________________

TERESA NEVARES ARTEAGA, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_________________________________

FROM THE 64TH DISTRICT COURT OF HALE COUNTY;

NO. A15835-0412; HONORABLE ROBERT W. KINKAID, JR., JUDGE
_______________________________


Before CAMPBELL and HANCOCK and PIRTLE, JJ.
MEMORANDUM OPINION
Â Â Â Â Â Â Â Â Â Â Appellant Teresa Nevares Arteaga filed a notice of appeal following the adjudication
of her guilt for the offense of possession of a controlled substance. Appellant's attorney
has filed a brief in compliance with Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18
L.Ed.2d 493 (1967), and certifies that there are no non-frivolous issues on which to base
an appeal. Agreeing with appointed counselâs conclusion the record fails to show any
meritorious issue which would support the appeal, we affirm the trial courtâs judgment. 
Â Â Â Â Â Â Â Â Â Â Â 
Â Â Â Â Â Â Â Â Â Â Â In December 2004, appellant was charged by indictment with the offense of
possession of a controlled substance, specifically cocaine, in an amount of less than one
gram. Thereafter, in April 2005, pursuant to a plea agreement, appellant plead guilty as
charged in the indictment. The court followed the plea bargain agreement, placing
appellant on deferred adjudication community supervision for two years, assessing a
$1000 fine, and requiring payment of court costs, restitution and court-appointed attorneyâs
fees. Appellantâs deferred adjudication was conditioned on her compliance with specified
terms and conditions. 
Â Â Â Â Â Â Â Â Â Â In November 2006, the State filed a Motion to Proceed with an Adjudication of Guilt,
alleging several violations of the terms and conditions of appellantâs deferred adjudication
community supervision. On January 26, 2007, this motion was heard by the court. 
Appellant plead âtrueâ to allegations that she had used alcohol and consumed cocaine, and
that she had failed to make required payments on her fine, court costs and fees. She
plead ânot trueâ to the other allegations. After hearing testimony, including testimony from
appellant, the court found she had violated the terms and conditions of her community
supervision. The court adjudicated appellant guilty of the original offense of possession
of a controlled substance. 
Â Â Â Â Â Â Â Â Â Â On the issue of sentencing, the court considered a presentence investigation report,
and the State and appellant retendered the evidence previously heard. The court then
assessed appellantâs punishment at two years confinement in the state jail facility, a $1000
fine, court costs, attorneyâs fees and $140 in restitution. The court probated the sentence
of confinement and placed appellant on community supervision for a period of four years. 
As a term and condition of that supervision, appellant was sentenced to serve a period of
120 days confinement in a state jail facility. On January 30, 2007, appellant timely filed her
notice of appeal, stating she is appealing from the adjudication of guilt. 
Â Â Â Â Â Â Â Â Â Â Thereafter, appellant's appointed counsel filed a motion to withdraw and a brief in
support pursuant to Anders v. California, 386 U.S. at 744-45, in which he certifies that he
has diligently reviewed the record and, in his professional opinion, under the controlling
authorities and facts of this case, there is no reversible error or legitimate grounds upon
which a non-frivolous appeal can arguably be predicated. The brief discusses the
procedural history of the case and the proceedings in connection with the Motion to
Adjudicate Guilt. Counsel also notes applicable statutory provisions and relevant case law. 
Counsel has certified that a copy of the Anders brief and motion to withdraw have been
served on appellant, and that counsel has advised appellant of her right to review the
record and file a pro se response. Johnson v. State, 885 S.W.2d 641, 645
(Tex.App.âWaco 1994, pet. ref'd). By letter, this Court also notified appellant of her
opportunity to submit a response to the Anders brief and motion to withdraw filed by her
counsel. Appellant has not filed a response.
Â Â Â Â Â Â Â Â Â Â In conformity with the standards set out by the United States Supreme Court, we do
not rule on the motion to withdraw until we have independently examined the record. 
Nichols v. State, 954 S.W.2d 83, 86 (Tex.App.âSan Antonio 1997, no pet.). If this Court
determines the appeal has merit, we will remand it to the trial court for appointment of new
counsel. Stafford v. State, 813 S.W.2d 503, 511 (Tex.Crim.App.1991).Â 
Â Â Â Â Â Â Â Â Â Â Counselâs brief correctly notes that, under the statutory provisions applicable to this
case, the trial courtâs adjudication of guilt is not appealable.


 Tex. Code Crim. Proc. Ann.
art. 42.12, Â§ 5(b) (Vernon 2006); Phynes v. State, 828 S.W.2d 1 (Tex.Crim.App. 1992),
Olowosuko v. State,Â 826 S.W.2d 940 (Tex.Crim.App. 1992). However, claims that the trial
court erred in the punishment phase of the proceeding in appellantâs case may be
addressed on appeal. Hogans v. State, 176 S.W.3d 829, 833 (Tex.Crim.App. 2005). 
Â Â Â Â Â Â Â Â Â Â Our review convinces us that appellate counsel conducted an adequate review of
the record. We have also made an independent examination of the entire record to
determine whether there are any arguable grounds which might support the appeal, to the
extent permitted by statute. We agree the record presents no meritorious grounds for
review. Accordingly, we grant counsel's motion to withdraw


 and affirm the judgment of the
trial court.
Â 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â James T. Campbell

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Justice







Do not publish.



="false" Name="Medium Shading 1 Accent 6"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 









NO. 07-10-00045-CV

Â 

IN THE COURT OF APPEALS

Â 

FOR THE
SEVENTH DISTRICT OF TEXAS

Â 

AT
AMARILLO

Â 

PANEL D

Â 



APRIL
13, 2010

Â 



Â 

IN RE TURPEN INSURANCE AGENCY, INC., RELATOR



Â 



Â 

Before QUINN,
C.J., and CAMPBELL and PIRTLE, JJ.

Â 

ON MOTION TO DISMISS

Â 

Relator Turpen
Insurance Agency, Inc., has filed a motion to dismiss
its petition for writ of mandamus currently pending before us.  According to the motion, the parties to the
underlying litigation have reached a settlement.Â  Attached to the motion is a copy of an order
signed by the trial court, dismissing the underlying litigation.Â  Because the motion does not contain a
certificate of conference, we withheld its determination for ten days.Â  Tex. R. App. P. 10.1(a)(5)
& 10.3(a).Â  During this period, no
party filed a response.Â  

Accordingly, the motion to dismiss is
granted and the original proceeding is dismissed.Â  Tex. R. App. P. 42.1(a)(1).Â  RelatorÂs pending
motion for leave to file privileged documents under seal is dismissed as
moot.Â  Costs of the original proceeding
are taxed against relator.Â  Tex. R. App. P. 42.1(d).Â  Having dismissed the original proceeding at relatorÂs request, we will not entertain a motion for
rehearing.

Â 

James T. Campbell

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Justice