Opinion filed May 1, 2008











 
 
  
 
 







 
 
  
 
 




Opinion filed May 1, 2008

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh
Court of Appeals

                                                                   __________

 

                                                          No. 11-07-00222-CR

                                                    __________

 

                                  TOMMY LOUIS SCOTT, Appellant

 

                                                             V.

 

                                        STATE
OF TEXAS, Appellee

 



 

                                        On
Appeal from the 252nd District Court

 

                                                       Jefferson
County, Texas

 

                                                    Trial
Court Cause No. 88540

 



 

                                              M E
M O R A N D U M   O P I N I O N








This
is an appeal from a judgment adjudicating guilt.  Tommy Louis Scott originally
entered a plea of no contest to the aggravated sexual assault of a
seven-year-old girl.  Pursuant to the plea bargain agreement, the trial court
deferred the adjudication of appellant=s
guilt and placed him on community supervision for ten years.  At the hearing on
the State=s motion to
adjudicate, appellant entered pleas of true to three of the State=s allegations.  The trial
court found that appellant had violated the terms and conditions of his
community supervision, revoked his community supervision, adjudicated his
guilt, and assessed his punishment at confinement for seventy-five years.  We
dismiss.

Appellant=s court-appointed counsel
has filed a motion to withdraw.  The motion is supported by a brief in which
counsel professionally and conscientiously examines the record and applicable
law and states that he has concluded that the appeal is frivolous.  Counsel has
provided appellant with a copy of the brief and advised appellant of his right
to review the record and file a response to counsel=s brief.  A response has not been filed. Court-appointed
counsel has complied with the requirements of Anders v. California, 386
U.S. 738 (1967); Stafford v. State, 813 S.W.2d 503 (Tex. Crim. App.
1991); High v. State, 573 S.W.2d 807 (Tex. Crim. App. 1978); Currie
v. State, 516 S.W.2d 684 (Tex. Crim. App. 1974); Gainous v. State,
436 S.W.2d 137 (Tex. Crim. App. 1969); Eaden v. State, 161 S.W.3d 173
(Tex. App.CEastland
2005, no pet.).

Following
the procedures outlined in Anders, we have independently reviewed the
record, and we agree that the appeal is without merit.  The hearing was
conducted prior to the June 15, 2007 effective date of the amendment to Tex. Code Crim. Proc. Ann. art. 42.12, ' 5(b) (Vernon Supp. 2007)
allowing an appeal from the determination to adjudicate. Therefore, former Tex. Code Crim. Proc. art. 42.12, ' 5(b) (1999) and its
prohibition concerning appeals from the determination to proceed with the
adjudication of guilt apply.[1]  Davis v.
State, 195 S.W.3d 708, 709 (Tex. Crim.
App. 2006); Hargesheimer v. State, 182 S.W.3d 906, 909 (Tex. Crim. App.
2006); Hogans v. State, 176 S.W.3d 829, 831 (Tex. Crim. App. 2005); Phynes
v. State, 828 S.W.2d 1, 2 (Tex. Crim. App. 1992); Olowosuko v. State,
826 S.W.2d 940, 942 (Tex. Crim. App. 1992).  We note that counsel has the
responsibility to advise appellant that he may file a petition for
discretionary review by the Texas Court of Criminal Appeals.  Ex parte Owens,
206 S.W.3d 670 (Tex. Crim. App. 2006).  Likewise, this court advises appellant
that he may file a petition for discretionary review pursuant to Tex. R. App. P. 66.  Black v. State,
217 S.W.3d 687 (Tex. App.CEastland
2007, no pet.). 








The
motion to withdraw is granted, and the appeal is dismissed.

 

 

PER CURIAM

 

May 1, 2008

Do not publish. 
See Tex. R. App. P. 47.2(b).

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.

 

 

 









[1]Former Article 42.12, section 5(b)
provided:

 

On violation of a condition of
community supervision imposed under Subsection (a) of this section, the
defendant may be arrested and detained as provided in Section 21 of this
article. The defendant is entitled to a hearing limited to the determination by
the court of whether it proceeds with an adjudication of guilt on the original
charge. No appeal may be taken from this determination (emphasis added).