Opinion filed May 15, 2008 











 
 
  
 
 







 
 
  
 
 




Opinion filed May 15, 2008 

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh
Court of Appeals

                                                                 ____________

 

                                                          No. 11-07-00198-CR

                                                    __________

 

                               RONALD ANGOCHE KOBA, Appellant

 

                                                             V.

 

                                         STATE
OF TEXAS, Appellee

 



 

                                        On
Appeal from the 252nd District Court

 

                                                       Jefferson
County, Texas

 

                                                    Trial
Court Cause No. 94933

 



 

                                              M E
M O R A N D U M   O P I N I O N








This
is an appeal from a judgment adjudicating guilt.  Ronald Angoche Koba
originally entered a plea of guilty to the offense of burglary of a building. 
Pursuant to the plea bargain agreement, the trial court deferred the
adjudication of guilt, placed appellant on community supervision for five
years, and assessed a fine of $1,000.  At the hearing on the State=s motion to adjudicate,
appellant entered pleas of true to five of the allegations that he violated the
terms and conditions of his community supervision.  The trial court found that
appellant had violated the terms and conditions of his community supervision,
revoked his community supervision, adjudicated his guilt, and imposed a
sentence of confinement for twenty months in a state jail facility.  We
dismiss.

Appellant=s court-appointed counsel
has filed a motion to withdraw.  The motion is supported by a brief in which
counsel professionally and conscientiously examines the record and applicable
law and states that he has concluded that the appeal is frivolous.  Counsel has
provided appellant with a copy of the brief and advised appellant of his right
to review the record and file a response to counsel=s brief.  A response has not been filed.
Court-appointed counsel has complied with the requirements of Anders v.
California, 386 U.S. 738 (1967); In re Schulman, AP-75,911, 2008 WL
1901389 (Tex. Crim. App. April 30, 2008); Stafford v. State, 813 S.W.2d
503 (Tex. Crim. App. 1991); High v. State, 573 S.W.2d 807 (Tex. Crim.
App. 1978); Currie v. State, 516 S.W.2d 684 (Tex. Crim. App. 1974); Gainous
v. State, 436 S.W.2d 137 (Tex. Crim. App. 1969); Eaden v. State, 161
S.W.3d 173 (Tex. App.CEastland
2005, no pet.).

Following
the procedures outlined in Anders, we have independently reviewed the
record, and we agree that the appeal is without merit.  As counsel on appeal
notes,  the hearing on the State=s
motion to adjudicate was conducted prior to the June 15, 2007 effective date of
the amendment to Tex. Code Crim. Proc.
Ann. art. 42.12, '
5(b) (Vernon Supp. 2007) allowing an appeal from the determination to
adjudicate.  Therefore, former Tex. Code
Crim. Proc. art. 42.12, '
5(b) (1999) and its prohibition concerning appeals from the determination to
proceed with the adjudication of guilt apply.[1] Davis v. State, 195 S.W.3d 708, 709
(Tex. Crim. App. 2006); Hargesheimer v. State, 182 S.W.3d 906, 909 (Tex.
Crim. App. 2006); Hogans v. State, 176 S.W.3d 829, 831 (Tex. Crim. App.
2005); Phynes v. State, 828 S.W.2d 1, 2 (Tex. Crim. App. 1992); Olowosuko
v. State, 826 S.W.2d 940, 942 (Tex. Crim. App. 1992). 








We
note that counsel has the responsibility to advise appellant that he may file a
petition for discretionary review by the Texas Court of Criminal Appeals.  Ex
parte Owens, 206 S.W.3d 670 (Tex. Crim. App. 2006).  Likewise, this court
advises appellant that he may file a petition for discretionary review pursuant
to Tex. R. App. P. 66. Black
v. State, 217 S.W.3d 687 (Tex. App.CEastland
2007, no pet.).

The
motion to withdraw is granted, and the appeal is dismissed.

 

PER CURIAM

 

May 15, 2008

Do not publish. 
See Tex. R. App. P. 47.2(b).

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.









[1]Former Article 42.12, section 5(b) provided:

On violation of a condition of community supervision
imposed under Subsection (a) of this section, the defendant may be arrested and
detained as provided in Section 21 of this article. The defendant is entitled
to a hearing limited to the determination by the court of whether it proceeds
with an adjudication of guilt on the original charge. No appeal may be taken
from this determination (emphasis added).